## E. S. McLELLAN v. STATE.

No. A-124. Opinion Filed September 7, 1909.

(103 Pac. 876.)

1. **APPEAL—Appeal from Motion Denying New Trial—Dismissal.** Where a defendant attempts to take an appeal from a judgment overruling a motion for a new trial, the appeal will be dismissed.

2. **SAME—Necessity of Final Judgment.** No appeal can be taken until after final judgment has been rendered against the defendant.

(Syllabus by the Court.)

*Appeal from Choctaw County Court; W. T. Glenn, Judge.*

E. S. McLellan was convicted of conspiracy to resist legal process, and appeals. Dismissed.

An information was filed against E. S. McLellan (hereinafter called defendant), on the 17th day of November, 1908, in the county court of Choctaw county charging him with having en-

tered into a conspiracy to resist the execution of certain legal process, which said information is as follows:

"In the County Court of Choctaw County, Oklahoma. The State of Oklahoma v. E. S. McLellan. Information for Resisting Arrest. In the name and by the authority of the state of Oklahoma, now comes J. M. Willis, county attorney in and for Choctaw county, Oklahoma, who prosecutes for and on behalf of said state in all courts sitting in said county, and duly authorized and empowered to inform of all offenses committed or triable therein, and gives the court to know and be informed that heretofore, to wit, on or about the 25th day of August, A. D. 1908, within the county of Choctaw and the state of Oklahoma, one E. S. McLellan, then and there being, did then and there unlawfully enter into a combination with one Ed Houghton to resist the execution of a certain legal process, to wit, a warrant duly and legally issued out of the county court of Choctaw county, Oklahoma, directed to the sheriff of said county, commanding the arrest of the said Ed Houghton, by then and there counseling, encouraging, aiding, and abetting the said Ed Houghton in resisting said process, contrary to and in violation of the statutes in such cases made and provided, and against the peace and dignity of the state. J. M. Willis, County Attorney."

The defendant was found guilty by the jury, and his punishment was assessed at a fine of $500. A motion for a new trial was made and overruled. The defendant excepted, and prosecuted an appeal. There is no pretense of a judgment in the record before us.

*Richardson & Hardison*, for appellant.
*Charles L. Moore*, Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). The Attorney General files a motion to dismiss this appeal upon the ground that the record filed in this court does not contain a final judgment of the court against the defendant. The record contains the following ruling of the court upon the defendant's motion for a new trial:

"Now, on this the 9th day of December, 1908, there coming on for hearing the motion of the defendant herein for a new

trial, the defendant appears in person and by his attorneys, Thos. S. Hardison and Geo. W. Richardson; and the court, having considered said motion and being well and sufficiently advised in the premises, doth overrule the same, to which ruling of the court in overruling said motion the defendant did then and there except. The court, allowing defendant 90 days in which to prepare and serve his case-made, grants to the state 15 days thereafter in which to prepare and file suggestions or amendments; case-made to be settled and signed within 10 days thereafter upon 5 days' notice in writing to either party. Case-made to be filed in Court of Criminal Appeals within 120 days from this date."

The record does not contain a final judgment. The necessity for a final judgment, before an appeal can be taken, has been repeatedly passed upon by appellate courts.

In *Shannon v. State,* 7 Tex. 492, it is said: "An appeal will not lie, in either a civil or a criminal cause, until after final judgment."

In *Calvin v. State,* 23 Tex. 577, it is said:

"The judgment of the law upon the verdict must be entered on the minutes of the court, notwithstanding an appeal by the defendant; and this court will dismiss the appeal for want of jurisdiction, if the proper judgment be not entered of record in the court below. Many other cases might be cited to the same effect, but we deem it sufficient for our present purpose to refer only to the cases of *Nathan v. State,* 28 Tex. 326, and *Mayfield v. State.* 40 Tex. 290."

In *Smith v. State,* 1 Tex. App. 410, 411, it is said:

"The verdict of the jury, by which the accused was found guilty of murder in the second degree, rendered on the 23d day of April, 1873, could not have been appealed from, nor could the judgment of the court overruling the defendant's motion for new trial have been appealed from, for the want of a final judgment of conviction entered against him on the minutes of the court below."

In *Mirelles v. State,* 13 Tex. App. 347, it is said:

"In *Pennington v. State,* 11 Tex. App. 281, it was held that 'though a convicted defendant has a right of appeal in any criminal action, yet he is not convicted until final judgment is rendered against him.' If, therefore, the record on appeal shows no

final judgment in the trial court against the appellant, the appeal will be dismissed by this court. In the case before us there is no declaration in the judgment that 'the defendant is adjudged guilty of the offense as found by the jury.'"

This question was passed upon by the Supreme Court of Oklahoma Territory in *Sproat v. Durland,* 7 Okla. 230, 54 Pac. 458. In that case the record contains the following:

"'Otto C. Durland v. Samuel Sproat. No. 1,551. Come now the plaintiff and defendant, by their counsel, and waive a jury and consent to a trial by court; and J. M. Owens is sworn and testified on behalf of plaintiff, and plaintiff and defendant rest; and judgment is rendered herein for plaintiff and against the defendant, per journal entry; and defendant excepts to said judgment, and is given 30 days to make and serve a case-made for the Supreme Court, and 10 days given to suggest amendments, and to be closed on 5 days' notice.' There is no certificate of the clerk that this is a copy of the judgment rendered in said cause, and it is not, and does not purport to be, a judgment. It is simply a recital of the fact that a judgment was rendered, and shows on its face that a journal entry was to be filed, showing what the judgment of the court was. It has frequently been held by appellate courts that the form of a judgment is not to be treated as fatal, if it appears that it was intended to be a judgment, and it can be determined whom the judgment was in favor of, and whom against and what the court ordered or decreed should be done, together with the amount of recovery, if there was a money judgment. But what is not intended for a judgment of the court cannot be treated as a judgment, and it is clear from what we have before us that the entry set out was not intended for the judgment of the court. This court will not review the proceedings of the trial court in any case, unless the record contains a copy of the final judgment or final order of the court from which the appeal is taken. *Gardenhire v. Burdick,* 7 Okla. 212, 54 Pac. 483.'"

In *Brown v. Territory,* 15 Okla. 362, 82 Pac. 647, the court said:

"The case-made contains no copy of the judgment of the district court, nor does it contain any statement that a judgment of conviction was rendered against the defendant, the plaintiff in error; neither does the record contain any motion for new

trial. There is a recital that a motion for new trial was filed, presented, and overruled; but we have no means of knowing what it contains or upon what the plaintiff in error relies as ground for new trial in the court below. We cannot consider the alleged errors embraced in the petition in error upon so defective a record. It is the judgment of trial court that the plaintiff in error is entitled to appeal from. There is nothing to inform this court that any judgment has ever been rendered."

An appeal does not lie to this court from any ruling or order made by the trial court before final judgment is rendered and sentence has been pronounced. When a final judgment is rendered, and an appeal is taken therefrom, then any and all rulings or orders made during the trial are subject to review by this court, if properly saved by exceptions and contained in the case-made or transcripts of the record. In a number of cases submitted to this court, many irregularities appear in the record. This shows a want of care and attention on the part of counsel for the defense in preparing their cases-made, and also on the part of county attorneys in failing to carefully inspect the case-made served upon them, and in not pointing out to the trial judges the errors which they contain, in order that they may be corrected. It is the duty of counsel for the defense to see that, before a case is filed in this court, the case-made and transcript of the record are properly prepared and contain everything that they desire to present to the court, and which is necessary to give this court jurisdiction. It is equally the duty of the county attorneys to carefully inspect all cases-made served upon them, and, if they are defective, to point out to the court any errors contained therein. The due and regular administration of justice requires that this must be done by the respective counsel in all cases appealed. There is great room for improvement in this matter on the part of many of the attorneys for the defense and county attorneys in this state. This court has no desire to be captious or technical in its rulings. On the contrary, it is our earnest desire to treat both the state and the defendant with perfect fairness in each case brought before us. We have repeatedly

granted extensions of time to allow counsel to correct the record in this case; but it remains in its present condition, and we are forced to pass upon it as it is.

We will base our decisions upon substance and justice, rather than upon shadows and technicalities; but at the same time we cannot ignore constitutional and statutory provisions, or those rules of practice which are founded upon justice and supported by reason, where the record shows that injury has been done to a defendant. We advise a careful examination of the rules adopted by this court on the 6th day of July, 1909. They may be found in volume 1, Okla. Cr. Rep., and in volume 102, Pac. Rep. If there is anything unfair or unjust in these rules, we earnestly request counsel to suggest any alterations which should be made in them which will aid in the administration of justice. These rules were made to be enforced, and counsel having cases in this court will consult the interests of their clients by conforming to them, as well as by studying and following the provisions of our statutes as to the manner in which appeals may be taken. The sooner the criminal jurisprudence of Oklahoma is placed upon a just, uniform, and harmonious basis, the better it will be for parties having cases in court, as well as for the entire people of the state. Courts are not established for the purpose of enabling lawyers to earn and collect fees. The supreme purpose of their creation is the enforcement of justice and thereby protecting the people in the quiet and peaceful enjoyment of their property, their liberties, and their lives. Every other consideration is secondary, and must yield to this supreme purpose.

Because the record before us does not contain a copy of the final judgment in this case, the motion of the Attorney General to dismiss the appeal must be sustained. The appeal is therefore dismissed, without prejudice.

DOYLE and OWEN, JUDGES, concur.