## HOWARD STANTON v. STATE.

No. A-4159. Opinion Filed April 11, 1923.
(213 Pac. 914.)

(Syllabus.)

1. **Appeal and Error—Dismissal Where Case-Made or Transcript Fails to Show Judgment Rendered.** An appeal in a cirminal case cannot be taken until after judgment against the defendant has been rendered, and, where the case-made or transcript of

the record fails to show that such judgment has been rendered, such appeal will be dismissed for want of jurisdiction.

2.   **Same—Attempted Appeal from Judgment Overruling Motion for New Trial.** In a criminal case, where the defendant attempts to take an appeal from a judgment overruling a motion for new trial, the appeal will be dismissed.

Appeal from District Court, Wagoner County; E. A. Summers, Judge.

Howard Stanton was convicted of larceny of an automobile, and he appeals. Appeal dismissed.

Bert Van Leuven, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Howard Stanton, was convicted on an information charging the theft of a Ford automobile, the property of one J. F. Raper, and his punishment fixed at imprisonment in the penitentiary for the term of five years. The Attorney General has filed a motion to dismiss the appeal, "because the record fails to disclose any copy of the judgment and sentence of the trial court."

In the response to the motion to dismiss it is stated that no judgment has ever been rendered on the verdict. The record discloses that the verdict was returned on November 26, 1920, and on the same day a motion for new trial was filed. The following day another motion for a new trial was filed; on December 1, 1920, an amended motion for a new trial was filed; on February 5, 1921, a hearing was had upon said amended motion. The trial court ordered that said hearing be continued to a time to be agreed upon. On July 25, 1921, motion for new trial was overruled. On July 25, 1921, the court granted supersedeas of the judgment, and fixed the

amount of the bond, which was given, and time was given to make and serve case-made.

The appeal in a criminal case is from the judgment against the defendant. The uniform holding of this court is that an appeal in a criminal case cannot be taken until after judgment against the defendant has been rendered, and, where the record fails to show that such judgment has been rendered, an attempted appeal will be dismissed. McLellan v. State, 2 Okla. Cr. 633, 103 Pac. 876; Dansby v. State, 7 Okla. Cr. 496, 124 Pac. 328; Dunn v. State, 18 Okla. Cr. 493, 196 Pac. 739; Heath v. State, 22 Okla. Cr. 122, 210 Pac. 560.

Because the record fails to show that no judgment or sentence was ever rendered on the verdict of conviction, the motion of the Attorney General must be sustained. The attempted appeal herein is therefore dismissed, and the cause remanded to the district court of Wagoner county, with direction to enforce its judgment therein, if judgment has been rendered; if not, the district court of Wagoner county is directed to render judgment in pursuance of the verdict.

MATSON, P. J., and BESSEY, J., concur.