## TIMMIE FACTOR v. STATE.

No. A-7207. Opinion Filed April 20, 1929.
(276 Pac. 506.)

Billingsley & Stanley, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. An information was filed against the defendant in the district court of Seminole county charging the defendant with assault with intent to kill, to which charge the defendant entered a plea of not guilty.

The jury was duly impaneled on the 4th day of November, 1927, in the district court of Seminole county, to try the defendant. The state introduced its evidence and rested. The defendant introduced his evidence and rested, and thereupon the defendant asked leave of court to withdraw his plea of not guilty and enter a

plea of guilty. This request was granted by the court and the jury discharged. Thereupon the court fixed Friday, November 11, 1927, at 9 o'clock a. m., for sentence, and announced to the defendant that he would be sentenced to one year in the state penitentiary at that time. On the 5th day of January, 1928, the defendant filed his motion for leave of court to withdraw his plea, of guilty and enter a plea of not guilty, which motion was on the 30th day of April, 1928, overruled by the court. The defendant then gave notice of appeal to the Criminal Court of Appeals, perfected his case-made, and filed the same in the Criminal Court of Appeals on the 30th day of October, 1928.

The Attorney General has filed his motion to dismiss the appeal upon the ground that the case-made fails to show that any final judgment was rendered against the defendant. We have carefully examined the case-made and find no record in the case-made of any judgment rendered against the defendant.

In the case of Stanton v. State, 23 Okla. Cr. 193, 213 P. 914, this court in the body of the opinion said:

"The appeal in a criminal case is from the judgment against the defendant. The uniform holding of this court is that an appeal in a criminal case cannot be taken until after judgment against the defendant has been rendered, and, where the record fails to show that such judgment has been rendered, an attempted appeal will be dismissed. McLellan v. State, 2 Okla. Cr. 633, 103 P. 876; Dansby v. State, 7 Okla. Cr. 496, 124 P. 328; Dunn v. State, 18 Okla. Cr. 493, 196 P. 739; Heath v. State, 22 Okla. Cr. 122, 210 P. 560."

Because the record fails to show that any judgment or sentence was ever rendered on the plea of guilty, the motion of the Attorney General must be sustained. The attempted appeal herein is therefore dismissed, and the cause remanded to the district court of Seminole county,

with directions to enforce its judgment therein, if judgment has been rendered; if no judgment has been rendered in said cause, the district court of Seminole county is directed to render judgment upon the plea of guilty of the defendant.

