## Ex parte GEORGE SCHAEFFER.

No. A-8525. Feb. 24, 1933.
(19 Pac. [2d] 619.)

Thad L. Klutts, for petitioner.

The Attorney General, for the State.

CHAPPELL, J. Petitioner alleges that he was committed to the county jail of Oklahoma county on the 23d day of January, 1933, and is still restrained of his liberty in said jail; that a complaint was filed against petitioner

before Paul Powers, a justice of the peace, and preliminary hearing set thereon for February 8, 1933; that the justice of the peace permitted the state to introduce its evidence without reading any purported indictment or information to petitioner or revealing to him the nature of the charge, nor was any indictment or information read into the record or made a part thereof; that the justice of the peace adjourned court for seven days, over the objection of petitioner, without showing any good cause for such adjournment; that the state was not entitled to such adjournment because it had not made any reasonable effort to obtain the attendance of witnesses and had made no showing that such evidence would be produced or would be material to the hearing.

The sheriff of Oklahoma county filed his response, showing that he held defendant under a commitment issued by such justice of the peace, holding petitioner for trial in the district court upon a charge of grand larceny.

Procedure by indictment or information is unknown before a justice of the peace. The presumption is that a proper complaint was filed, warrant issued thereon, and defendant legally brought before the court. While defendant had a right to have the complaint read, and have a copy of the same, such right may be and is waived where no objections are made and no demand made for a copy of the complaint.

The justice of the peace had a right, without a showing, to adjourn the hearing for a reasonable time to enable the state to complete its evidence.

The evidence discloses defendant was arrested in possession of the stolen property. This was sufficient to support the finding of probable cause.

294

The writ is therefore denied.

EDWARDS, P. J., and DAVENPORT, J., concur.