# RAY THORNTON v. STATE.

No. A-10762.   May 5, 1948.

(193 P. 2d 609.)

John Ward, Jr., of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Ray Thornton, was charged by an information filed in the municipal criminal court of the city of Tulsa, by the city attorney of Tulsa, with the unlawful possession of intoxicating liquor as a violation of the statutes of Oklahoma, was tried and convicted by a jury which fixed his punishment at imprisonment in the county jail of Tulsa county for a period of 90 days and to pay a fine of $250. Thereafter, a motion for a new trial was filed and the same was overruled on February 4, 1946. On June 3, 1946, the case-made with petition in error attached was filed in the office of the Clerk of the Criminal Court of Appeals.

On November 21, 1947, the state filed a motion to dismiss the appeal upon three grounds, to wit: First, the appeal was not taken within sixty days after the judgment was rendered and no extension of time in which to perfect his appeal was entered by the court; second, the case-made contains no copy of the judgment and sentence of the trial court; third, there is no law which authorizes an appeal from the municipal criminal court of the city of Tulsa to the Criminal Court of Appeals.

It has been held that where an appeal is taken from an alleged judgment of conviction, and the transcript of the record or case-made contains no copy of the judgment of the trial court, this court does not acquire jur-

isdiction of the appeal, and such appeal will be dismissed. Patton v. State, 60 Okla. Cr. 409, 64 P. 2d 1245; Fowler v. State, 11 Okla. Cr. 157, 143 P. 658; Loyd v. State, 12 Okla. Cr. 82, 151 P. 1190; Harjoe v. State, 14 Okla. Cr. 187, 169 P. 659.

In the brief in support of the response to the motion to dismiss the appeal, counsel for defendant states:

"We agree that the defendant's appeal to this Court is premature and that the court at this time has no jurisdiction to entertain his appeal, as no time had ever been appointed by the honorable trial court to enter judgment upon the verdict of the jury, and that no judgment and sentence has ever been rendered in this cause, and that there is no journal entry of judgment in the records of this cause; and that because of these omissions upon the part of the honorable trial court this court has no jurisdiction at this time of this appeal."

An examination of the record discloses that when the jury returned its verdict of guilty, that the Clerk of the court entered the verdict on the docket. No time was fixed by the court for the pronouncement of judgment and sentence in accordance with the verdict of the jury, and no judgment and sentence has ever been pronounced upon the verdict. It has apparently been the practice in the municipal criminal court to treat the verdict of the jury as the judgment and according to statements of counsel the practice has been to issue commitments in criminal cases based upon the verdict of the jury. Such procedure in prosecutions instituted in said court for violations of the laws of the state is not a compliance with the laws of our state pertaining to the pronouncement of judgment and sentence pursuant to the verdict of a jury.

By statute it is provided:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment." Tit. 22 O. S. 1941 § 961.

"The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed." Tit. 22 O. S. 1941 § 962.

"For the purpose of judgment, if the conviction is for misdemeanor judgment may be pronounced in the defendant's absence." Tit. 22 O. S. 1941 § 963.

In criminal cases the appeal is from the judgment imposing the sentence and the time for perfecting the appeal runs from the date the judgment and sentence is imposed, and not from the date of the overruling of the motion for new trial. Wyatt v. State, 81 Okla. Cr. 248, 162 P. 2d 884; Johnson v. State, 70 Okla. Cr. 322, 106 P. 2d 128; Easterwood v. State, 38 Okla. Cr. 298, 260 P. 789. Upon the remanding of this case with directions for the trial court to proceed to pronounce judgment and sentence in accordance with the verdict of the jury, the time for taking the appeal will run from the date the judgment is entered.

Counsel for the defendant, while conceding that the appeal should be dismissed for the reason that no judgment and sentence has been pronounced upon the verdict of the jury, asks this court to hold that the verdict of the jury is unenforceable at this time because of the failure of the court to pronounce the judgment within a reasonable time after the verdict of the jury was rendered.

In the recent case of Boykin, v. State, 86 Okla. Cr. 175, 190 P. 2d 471, this court, in a lengthy opinion, reviewed the statutes pertaining to this question and the decisions of this court and of many other states on the question involved. In view of our holding in the Boykin case, this contention now presented by the defendant will not be sustained. It appears that the counsel for defendant as well as the court treated the verdict of the jury as the judgment of the court and this purported appeal was filed. The pendency of this appeal therefore constitutes sufficient cause for the court not pronouncing judgment and sentence during the pendency of the appeal. If the municipal criminal court without further delay fixes a definite time for pronouncing judgment and sentence and proceeds to pronounce judgment and sentence upon the verdict of the jury without undue delay, then it cannot be said to have lost jurisdiction to pronounce judgment and sentence by reason of an unusual delay in the pronouncement of said judgment and sentence.

One other proposition was presented in the motion to dismiss the appeal which we shall not decide, but which we wish to again direct attention to the parties concerned. Counsel for the state stated that there was no law which authorized an appeal from a conviction in the municipal criminal court to the Criminal Court of Appeals. This question was not briefed either by the state or defendant. For that reason, we shall not express an opinion on said question. Attention is directed, however, specifically to Tit. 11 O. S. 1941 § 807, which provides for an appeal to the district court from the judgment of the municipal criminal court in certain cases.

Said statute provides:

"Appeals may be taken from any order or judgment of such municipal criminal court made by virtue of any of the provisions of this Act to the District Court of the County in which such municipal court is located in the same manner and with the same effect as is now or may hereafter be provided for County Courts of the State of Oklahoma in like cases." Tit. 11 O. S. 1941 § 807.

This statute is ambiguous but if it is intended to limit the appeal to the district court only to those judgments where an appeal would lie from the county court to the district court in like cases, then it would not authorize an appeal to the district court from convictions under the state law for violations of the liquor laws as such appeals to the district court do not lie from a conviction in the county court for a violation of the said liquor laws.

The act creating the municipal criminal court of the city of Tulsa, and providing the procedure to be followed in prosecutions before said court, further provided for an appeal to the Criminal Court of Appeals in the same manner and to the same extent that appeals are taken from the county court to the Criminal Court of Appeals in criminal matters. Tit 11 O. S. 1941 § 802.

However, this provision of the statute was specifically repealed during the 1941 Session of the Legislature. Laws, 1941, p. 464, § 7.

The above-quoted provision of the statute providing for an appeal to the district court was adopted in 1929 (Laws, 1929, Ch. 7, p. 7, § 3) and remained in effect under the limitations therein written after the repeal in 1941 of that section of the statute which authorized an appeal to the Criminal Court of Appeals.

However, the determination of the question as to whether an appeal may be taken to this court is not necessary to a disposition of the motion to dismiss the appeal, and our view on this matter will not become fixed until the question is properly presented by the filing of briefs. It is doubtful, however, that this court would uphold a conviction sustained before any court of record for a violation of the laws of the state where the statute prescribing the procedure before the inferior court did not provide the accused some method for review of the judgment of conviction.

The city attorney of Tulsa realized that the legislative repeal of Tit. 11 O. S. 1941 § 802, supra, by the Oklahoma Legislature created some confusion as to the correct procedure to be followed in prosecutions instituted in said court, and prepared a bill which was introduced in the 1947 Session of the Oklahoma Legislature to correct and remedy the questions raised in the attacks on said court. However, said bill became bogged down in the morass of legislative detail and was buried. Until some clarifying statute is passed by the Legislature relative to the criminal procedure before the municipal criminal court of the city of Tulsa, in state prosecutions, it is suggested that prosecutions for alleged violations of the laws of the state be instituted in the proper state courts having jurisdiction of said alleged offenses. To attempt to prosecute in the municipal criminal court of the city of Tulsa under the law as it is now written might jeopardize the success of every prosecution which is instituted. Nothing herein said, however, is to be construed as pertaining to the trial of alleged violations of the municipal ordinances of the city of Tulsa in said municipal criminal court.

For the reasons hereinabove stated, the appeal herein is dismissed and the cause is remanded to the municipal criminal court of the city of Tulsa for further proceedings consistent with the views herein expressed.

BAREFOOT, P. J., and BRETT, J., concur.