# STATE v. KILE et al.

No. A-11724.   Nov. 12, 1952.

(250 P. 2d 233.)

Lewis J. Bicking, County Atty., Tulsa County, Tulsa, for plaintiff in error.

John L. Ward, Jr., Tulsa, for defendant Don C. Kile.

Frank Hickman, Tulsa, for defendant Russell Nixon.

Coffey & Coffey, Tulsa, for defendant C. B. McAllister.

POWELL, J. · In this case the State charged Don C. Kile, Russell Nixon and C. B. McAllister by complaint or preliminary information filed in the court of Leslie W. Lisle, judge of the court of common pleas of Tulsa county, acting as an examining magistrate, with the crime of embezzlement. The prosecuting officers filed the charge, it seems, under provision of sec. 341, Tit. 21 O.S. 1951, a felony statute. The defendants were, of course, entitled to a preliminary hearing. Art. II, § 17, Const. of Okla.; Tit. 22 O.S. 1951, §§ 251-276, and the preliminary information was filed with Judge Lisle for that purpose, as stated, and as authorized by Tit. 20 O.S. 1951 § 651, as interpreted in connection with the constitutional provisions, sections 17 and 18 of Article VII of the Constitution of Oklahoma.

It will be seen from an examination of the above references that the judges of the court of common pleas of Tulsa county, when sitting as examining magistrates, as in the case of county judges when conducting preliminary hearings, exercise the identical jurisdiction as would a justice of the peace under similar circumstances. Glenn v. State, 72 Okla. Cr. 165, 114 P. 2d 192, 158 A.L.R. 1146. It

is at once apparent that the preliminary hearing by the judge of the court of common pleas or the county judge does not involve the exercise of the judicial power of the court as a court of record; it involves only that jurisdiction which a justice of the peace would exercise on a similar hearing. This court in the early case of Cress v. State, 14 Okla. Cr. 521, 173 P. 854, so held.

The right to appeal from an adverse final order or judgment to a higher court is strictly statutory. The appeal must be from a final judgment. McLellan v. State, 2 Okla. Cr. 633, 103 P. 876; Stanton v. State, 23 Okla. Cr. 193, 213 P. 914; Dansby v. State, 7 Okla. Cr. 496, 124 P. 328; and we have also said that when the record fails to show that such judgment has been rendered the appeal will be dismissed. See last above cited cases. Tit. 20 O.S. 1951, 40-48 define the jurisdiction of this court on appeal.

By Tit. 22 O.S. 1951 § 1053, it is provided:

"Appeals to the Criminal Court of Appeals may be taken by the State in the following cases, and no other:

"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"2. Upon an order of the court arresting the judgment.

"3. Upon a question reserved by the State."

The appeal by the State in the within case is, it is stated, based on the authority of subsection three of the above statute. But the State has pointed out no provision whereby it may appeal to this court in any case where a final order or judgment has not been entered.

The court of common pleas was acting, as we have seen, Art. VII, §§ 17 and 18, Const. of Okla. as an examining magistrate functioning the same as a justice of the peace under a similar situation. Tit. 39 O.S. 1951 § 581 provides the right of appeal from judgments in criminal cases in justice courts—but it is specified that the appeal must be from any final judgment. There is no statutory provision that has been cited, or that we have been able to find, authorizing an appeal in any case where the order or judgment attempted to be appealed from was not a final order.

In the within case no jeopardy attached in the proceeding before Judge Lisle in the court of common pleas. If the county attorney was dissatisfied by the action of the examining magistrate there, and felt that either the judge had not given proper consideration to his evidence, or that he had further evidence sufficient to make out a case, he could have refiled the complaint before any justice of the peace, or other judge of Tulsa county who might have authority to act as an examining magistrate. Ridenour v. State, 94 Okla. Cr. 92, 231 P. 2d 395, 399, and Pierrð v. Turner, Sheriff, 95 Okla. Cr. 425, 247 P. 2d 291.

It would be only after an information was filed in a felony case and a final adverse order or judgment was entered that the provision of Tit. 22 O.S. 1951 § 1053 could be invoked.

There are a number of specifications of error interposed and including the validity of the prosecution under the provisions of the section and title first mentioned, but by reason of our conclusion, that we do not have jurisdiction of the purported appeal from the adverse action of the court of common pleas sitting as an examining magistrate, we cannot consider these questions or review the exhaustive written opinion entered by the judge.

The appeal by the State is hereby dismissed.

BRETT, P. J., and JONES, J., concur.