1002

Herman Hope LIVINGSTON, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12041.

Criminal Court of Appeals of Oklahoma.

Oct. 20, 1954.

<hr>

James H. Mathers, Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

Herman Hope Livingston was convicted in the County Court of Coal County for the alleged offense of driving an automobile on the public highway while under the influence of intoxicating liquor, and his punishment was assessed at 30 days in jail and a $100 fine.

On appeal complaint is made of the verdict of the jury which reads as follows:

"We, the Jury duly drawn, empaneled and sworn in the above entitled cause, do upon our oaths, find the defendant Guilty as charged in the Information and assess his punishment at $100.00 Dollar fine, 30 days in jail. We, the Jury, recomend that the defendant has a family, be released at 8:00 o'clock, A.M. 24th of Dec. & report to sheriff night & morning & returned to jail at 8 A.M. 26th of complete time.

"Dated this the 3 day of December, 1953.

"O. L. Martin, Foreman"

In connection with said complaint counsel for the defendant states that there is no copy of the judgment pronounced by the trial court on the verdict in the casemade and that it is impossible to determine whether the trial court attempted to follow the verdict of the jury. The Attorney General answered the brief of the defendant by asking this court to dismiss the appeal for the reason the casemade contains no copy of the judgment of the trial court and therefore this court acquires no jurisdiction of the purported appeal.

In the case of Thornton v. State, 86 Okl.Cr. 394, 193 P.2d 609, 610, and many other cases, this court has held:

"Where an appeal is taken from an alleged judgment of conviction, and the transcript of the record or casemade contains no copy of the judgment of the trial court, this Court does not acquire jurisdiction of the appeal, and such appeal will be dismissed."

An examination of the casemade fails to disclose a copy of the judgment of the trial court. By reason of the foregoing authorities, the motion of the Attorney General to dismiss the appeal is sustained and the appeal is dismissed.

POWELL, P. J., and BRETT, J., concur.