**H. J. MORAN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12693.**

Criminal Court of Appeals of Oklahoma.

Dec. 10, 1958.

Herbert K. Hyde, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

The petitioner, H. J. Moran, defendant in a certain action allegedly for first degree rape, pending in Kiowa County, Oklahoma, brings this matter here on an attempted appeal from an order made and entered in the District Court of Kiowa County, Oklahoma, denying his motion for change of venue. To said petition, the Attorney General interposes a motion to dismiss upon the grounds that the order sought to be appealed from in denying the change of venue involves an exercise of discretion of the lower court and is such an order under the statutes of the State of Oklahoma and the adjudicated cases construing the same from which no appeal lies.

The sole question confronting this Court is, is an order denying a motion for change of venue such an order as may be appealed to this Court prior to the entry of judgment and sentence in the trial court?

Under the provisions of 22 O.S. 1951 § 1051, the right of appeal is defined as follows:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right *from any judgment* against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed." (Emphasis supplied.)

The foregoing statute has been construed contrary to this proceeding. In Herman v. State, 23 Okl.Cr. 366, 214 P. 1084, this Court said:

"Under the provisions of the Code of Criminal Procedure the defendant as a matter of right may appeal from any judgment against him [22 O.S. 1951 § 1051], but no appeal can be taken until after final judgment has been rendered against him.

"In McLellan v. State, 2 Okl.Cr. 633, 103 P. 876, it is held that:

"'Where a defendant attempts to take an appeal from a judgment overruling a motion for new trial, the appeal will be dismissed.'

"In Dansby v. State, 7 Okl.Cr. 496, 124 P. 328, it is held:

"'An appeal in a criminal case cannot be taken until after judgment against the appellant has been rendered, and, where the record fails to show that such judgment has been rendered, an attempted appeal will be dismissed.'"

To the same effect see Houser v. State, 26 Okl.Cr. 265, 223 P. 409, holding:

"Where the appeal is from an intermediate order only, before the rendition of final judgment in the action, this court has no jurisdiction to review the same, and the appeal will be dismissed."

And, see Settle v. State, 31 Okl.Cr. 257, 238 P. 499, 500, wherein this Court said, with reference to a motion for the return of property seized by officers under a search warrant:

"This ruling or order is not a 'judgment,' within the meaning of section 2805, Comp.Stat.1921 [22 O.S.1951 § 1051, supra], from which an appeal by the defendant lies. 'Judgment' means final judgment, as distinguished from an intermediate or ancillary order made during the progress of the trial. McLellan v. State, 2 Okl.Cr. 633, 103 P. 876 [supra]; Stanton v. State, 23 Okl.Cr.193, 213 P. 914."

And see State v. Kile, 96 Okl.Cr. 148, 250 P.2d 233; Gibson v. State, 87 Okl.Cr. 260, 197 P.2d 310; Thornton v. State, 86 Okl.Cr. 394, 193 P.2d 609; Lamb v. State, 91 Okl.Cr. 410, 219 P.2d 256; Stansbury v. State, 78 Okl.Cr. 206, 146 P.2d 137;

Robinson v. State, 70 Okl.Cr. 365, 106 P.2d 531.

In 24 C.J.S. Criminal Law § 1645, p. 243, we find:

"It is generally held that accused cannot appeal from an order denying his application for a change of venue."

The earliest and only case we have been able to find in Oklahoma covering this exact situation is Cutter v. Territory, 8 Okl. 101, 56 P. 861, 862. Therein, the defendant made an application for change of venue and supported the same by affidavits of a number of persons. After hearing evidence on the matter, the trial court overruled the application. On the adjudication thereof, the Court held:

"After the court had overruled the defendant's application for change of venue from the county, he demanded an appeal to the supreme court, and a stay of proceedings until his appeal could be heard. This the court denied, and he excepted. Counsel for plaintiff in error contended that the statute authorizes an appeal from an order overruling a motion for change of venue prior to the final judgment in the case, and base such contention upon the proposition that inasmuch as, by the terms of another section of the statute, an appeal is allowed from a judgment of conviction in all criminal causes, as a matter of right, the provisions authorizing a review of an order granting or denying a change of venue would be nugatory and of no avail. We do not think this contention well founded. As a general rule, where a court is exercising purely discretionary powers, an appellate court will not interfere with its action, and the purpose of the statute in authorizing a review of an order denying or granting an application for change of venue was to confer upon the appellate court the power to review such an order, and give to the party complaining of such ruling the right to have such order reviewed on an appeal; but the aggrieved party must wait until after final judgment, the same as in any other step of the trial, before he is entitled to his appeal."

To the same effect are State v. Pool, 138 La. 228, 70 So. 107; Brannon v. State, 147 Ga. 499, 94 S.E. 759; State v. Fortune, 29 N.D. 289, 150 N.W. 926; People v. Brindell, 194 App.Div. 776, 185 N.Y.S. 533.

It therefore clearly appears that under the foregoing statute controlling appeals, and under the construction placed thereon by the cases cited, an appeal from an order overruling a motion for change of venue is not a final judgment but an intermediate order from which no direct appeal lies, but must follow an appeal from the final judgment and sentence in the case. If such were not the rule, the trial of cases could be indefinitely delayed by application for change of venue and appeals therefrom, as well as from other intermediate orders.

Accordingly, this attempted appeal is dismissed.

NIX, J., concurs.

POWELL, J., not participating.