Tom PETERS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13065.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1961.

Sam Goodwin, Pauls Valley, Holmes H. Colbert, Sulphur, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

The defendant, Tom Peters, was charged by information in the District Court of Murray County, on the 12th day of April, 1960, with the crime of murder. The defendant was tried and found guilty of manslaughter in the first degree by a jury who assessed his punishment at four years in the state penitentiary, and he appeals to this Court.

This appeal was filed herein on June 7, 1961. On June 21, a thirty day extension of time to brief by plaintiff in error was given. The case was assigned for oral argument on July 26, 1961, at which time counsel for plaintiff in error failed to appear. On July 21, 1961, the State of Oklahoma filed a brief of defendant in error and a motion to dismiss. In said motion to dismiss it was alleged that this Court was without jurisdiction by reason of the fact that there was no judgment and sentence contained in the case made by which the purported appeal was attempted to be perfected. To this motion the plaintiff in error has filed no response. An examination of

the case made discloses that it does not contain any judgment or sentence.

In Brown v. State, Okl.Cr., 276 P.2d 781, this Court said in the syllabus:

"Where an appeal is taken from alleged judgment of conviction and the transcript of the record or case made contains no copy of the judgment of the trial court, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed."

See Livingston v. State, Okl.Cr., 275 P.2d 1002; State v. Smith, Okl.Cr., 268 P.2d 587; State v. Kile, 96 Okl.Cr. 148, 250 P.2d 233; McMichael v. State, 93 Okl.Cr. 341, 228 P.2d 203; Thornton v. State, 86 Okl.Cr. 394, 193 P.2d 609.

For said reasons the attempted appeal herein is dismissed.

BRETT and BUSSEY, JJ., concur.