Robert R. "Bob" STOKES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12949.

Court of Criminal Appeals of Oklahoma.

July 25, 1962.

Rehearing Denied Oct. 3, 1962.

Certiorari Denied May 20, 1963.

See 83 S.Ct. 1527.

**38**

Robert R. "Bob" Stokes, pro se.

Mac Q. Williamson, Atty. Gen. (Sam H. Lattimore, Asst. Atty. Gen., on rehearing only), Bill Pipkin, Seminole County Atty., for defendant in error.

NIX, Presiding Judge.

The defendant was charged by Information with the crime of Obtaining Money Under False Pretenses in Seminole County, Oklahoma. He was tried before a jury who found the defendant Guilty, left the punishment up to the trial judge, who sentenced defendant to a term of 2 years in the Oklahoma State Penitentiary.

■ Defendant appeals to this Court by petition in error, and a case-made containing excerpts from the record. There was no Judgment and Sentence in the case-made. Nor has one been filed of record. There appears in the Clerk's file a certified copy of the Judgment and Sentence, but the Clerk refuses to file same because he has no recollection of it being presented to him. He says it just appeared in the file. Examination of the record after the time for appeal had long since expired revealed no Judgment and Sentence. The Judgment and Sentence did not appear in the Clerk's file in time to convey Jurisdiction upon the Court, even if it had been properly filed. This Court has consistently held:

> "Where appeal was taken from alleged judgment of conviction and the transcript of record or casemade contains no copy of the judgment and sentence of the trial court, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed."

See Peters v. State, Okl.Cr., 365 P.2d 174; Moran v. State, Okl.Cr., 333 P.2d 318; Patton v. State, 60 Okl.Cr. 409, 64 P.2d 1245; Payne v. State, 84 Okl.Cr. 166, 180 P.2d 193.

For the foregoing reason, the purported appeal is hereby dismissed.

BRETT, J., not participating.

BUSSEY, J., concurs.

On Rehearing.

PER CURIAM.

The Court of Criminal Appeals is of the opinion that the judgment and sentence relied on herein, made and entered by the district court of Seminole County, Oklahoma on July 11, 1960 was not part of the original transcript filed in this case, and that the same was folded and placed in the transcript after the time for perfecting the appeal had expired.

The appearance of the certified copy of the judgment and sentence in the transcript, its certification and by whom it was attempted to be filed was all under such dubious circumstances, wholly unsupported by any minute in our clerk's office as to lend little credence to the contentions that are advanced in support of its validity. It appears to have been certified on Sunday, July 31, 1960, and all the evidence is conclusive that no clerk of the court of Seminole County certified the document on that day, or on any Sunday. The "0" in the 1960 on the certification appears from the naked eye to have been altered from a "1", and by aid of a magnifying glass appears definitely to have been so altered.

■ This circumstance alone casts grave doubt on the validity of the document. Of course, to bring the filing of the judgment and sentence within time (six months for perfecting an appeal, 22 O.S.1951 § 1054 in force at the time) it had to have been certified on July 31, 1960, because July 31, 1961 would clearly be out of time. We are convinced that the judgment was altered to

meet the time requirement for felony, and was too late. But we have been unable to fix any responsibility for the alteration.

The judgment and sentence not having been filed in time allowed by law, the appeal was properly dismissed.

The only other ground asserted on rehearing that might have had merit is that there was fundamental error in the trial court's refusal to sustain the motion of plaintiff in error to quash for lack of venue. It is asserted that the motion was orally made. There is no minute in the transcript to support this contention, and the same appears on the record before us to be wholly without merit.

In any event, the appeal not having been perfected in time the matter is not before us for decision.

Rehearing is accordingly denied.