Fredrick Christian NICODEMUS,
Petitioner,

v.

The DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, Honorable Byron E. McFall, Special Judge, Curtis P. Harris, Distict Attorney, and Robert Lake Grove, Assistant District Attorney, Respondents.

No. A-15870.

Court of Criminal Appeals of Oklahoma.
June 24, 1970.

Robert M. Jernigan, Eric J. Groves, Legal Intern, for petitioner.

Curtis P. Harris, Dist. Atty., D. K. Cunningham, Asst. Dist. Atty., for respondents.

PER CURIAM:

This is an original proceeding in which petitioner seeks original jurisdiction to issue a writ of prohibition to prevent his prosecution in the District Court of Oklahoma County.

It appears that an Information was filed in the District Court of Oklahoma County charging petitioner with carrying a concealed weapon after former conviction of a felony as Case No. CRF 70–153, and a preliminary examination on said charge held on February 10, 1970, before the Honorable William C. Kessler, Special Judge. Judge Kessler sustained defendant's motion to suppress and dismissed the charge. However, petitioner remained in the county jail on a verbal "hold" order by an Assistant District Attorney and thereafter, on the same day, a new Information was filed as Case No. CRF 70–359, charging the same crime and facts as charged in Case No. CRF 70–153. When petitioner was taken before a magistrate, the Honorable Stewart M. Hunter, Special Judge, on the new charge, Case No. CRF 70–359, defense counsel's motion to dismiss the charge on the grounds that it had been previously dismissed at a preliminary examination was denied and bond set at $3,000 with preliminary examination set for March 2, 1970, before Special Judge McFall. Prior to the preliminary examination date, petitioner filed with this Court for a writ of prohibition and further

**314**

proceedings in the district court were stayed.

It is petitioner's contention that the dismissal at preliminary examination of the charge of carrying a concealed weapon after former conviction of a felony is a bar to further prosecution on that charge unless the judge dismissing the charge directs a new Information to be filed. Petitioner argues that a special judge, as a judge of the district court, has the authority to make such a ruling at a preliminary examination. Further, petitioner contends under judicial reorganization that when a felony charge is filed in the district court, said court acquires jurisdiction over a case prior to an examining magistrate's order holding a defendant for trial. Accordingly, petitioner concludes the dismissal by the special judge is a ruling by a district judge and governed by 22 O.S.1961, § 508, which provides:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

The Oklahoma Constitution, Article II, Section 17, provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

■ As petitioner was charged by information with a felony, it is apparent that a preliminary examination is necessary be-fore a court can acquire jurisdiction for the prosecution. Prior to the 1969 amendment of the judicial article of the Oklahoma Constitution and resulting statutory enactments, referred to as judicial reorganization, a criminal felony prosecution was instituted with the filing of a preliminary information or complaint before a justice of the peace, county judge, or other public official designated as a magistrate. If the defendant was held for trial after a preliminary examination by such a magistrate, an information was then filed in the district court where the defendant was arraigned and entered a plea.

Under judicial reorganization, the justices of the peace and county courts were abolished and Article VII, Section 7(b), provides that:

"* * * their jurisdiction, functions, powers and duties are transferred to the respective District Courts, and, until otherwise provided by statute, all non-judicial functions vested in such courts are transferred to the District Courts and Judges thereof."

Article VII, Section 8(a), provides:

"The Judges of the District Court shall be District Judges, Associate District Judges, and Special Judges."

■ Under statutory enactments of judicial reorganization, the legislature provided that Justices of the Supreme Court, Judges of the Court of Criminal Appeals, and Judges of the District Court, including associate and special judges, are magistrates. 22 O.S.Supp.1969, § 162. It is specifically provided that special judges shall have jurisdiction to "perform the duties of magistrate in criminal cases." 20 O.S.Supp.1969, § 123(6). Furthermore, the legislature provided that "It shall not be necessary to file an information after the preliminary examination where the complaint or preliminary information satisfied the requirements for an information." 22 O.S.Supp.1969, § 469. The arraignment of the defendant in the district court must be held within thirty (30) days "after the defendant is ordered held for

trial upon a preliminary information * *." 22 O.S.Supp.1969, § 470. Thus, a defendant is not arraigned in the district court until he is ordered held for trial after preliminary examination.[1]

Therefore, under Oklahoma criminal procedure, as effected by the 1969 judicial reorganization, in a criminal felony prosecution by information, the defendant is brought before an examining magistrate for a preliminary examination. The examining magistrate is generally a special judge and the charge is alleged in an information which is filed with and numbered by the clerk of the district court before the preliminary examination. After defendant is ordered held for trial in the district court, the same information continues as the basis of the prosecution. These are the relevant changes and we find no substantial alteration in the basic nature of the preliminary examination.

Prior to judicial reorganization, this Court held in Ridenour v. State, 94 Okl. Cr. 92, 231 P.2d 395, at 399, 400 (1951):

"One examining magistrate is not bound by the action of another magistrate. In fact, one examining magistrate may dismiss a complaint on hearing or the county attorney may dismiss the complaint, but such action does not prevent the county attorney from refiling the complaint before another examining magistrate. This court has further held that until an accused is in jeopardy, a criminal action filed against him can be dismissed and refiled at the discretion of the county attorney, subject to the law governing limitations of time within which prosecution may be instituted."

Also, in State v. Kile, 96 Okl.Cr. 148, 250 P.2d 233, 234 (1952), this Court held:

"Where a judge of a court of common pleas sitting as an examining magis-

trate, and after conducting a preliminary hearing on a felony charge, discharges the prisoner, no jeopardy attaches. The county attorney may refile the case before any other examining magistrate of his county, * * *"

It is true that the statutes speak of the sustaining of a demurrer as a bar to further prosecution without permission to refile. 22 O.S.1961, § 508. However, this is not provided to apply at the magistrate stage of the proceedings, which are governed by Sections 171 to 276 of Title 22; but is provided to apply in the trial court after arraignment and after the issuance of an order holding defendant for trial from the preliminary examination. 22 O.S.1961, § 451. Even though an information is filed with the clerk of the district court, a defendant is not in the trial court [now the district court] until after preliminary examination.

Although an examining magistrate at a preliminary examination may rule on the sufficiency of the evidence, motions to suppress and demurrers, which are binding and final in the preliminary examination, the failure of a magistrate to hold defendant for trial whether he is a special judge, district judge or judge of the Court of Criminal Appeals, is not a bar to refiling the same prosecution under the present statutes of Oklahoma.

The preliminary examination is a stage of the criminal procedure apart from, and prerequisite to, the proceedings in the trial court after arraignment. While an examining magistrate is governed by appropriate and lawful rules of the district court, as well as general rules of law, he must be governed by law and must not be restricted in making his rulings by any local directives from the judges of the district court. In the fulfillment of his

---

1. It should be noted to avoid confusion that although it is often said a defendant is arraigned and enters a plea before a magistrate, the statutes make no such requirement. A defendant is arraigned in district court at which time he enters a plea only after the condition precedent of being held for trial from the preliminary examination. The arraignment and plea are stages in criminal procedure occurring after the preliminary examination.

duties as a magistrate, any judge of the district court, including a special judge, in a criminal proceeding over which he has jurisdiction, is not under the supervision of any other judge or judges of the district court, except for administrative purposes, 20 O.S.Supp.1969, § 120.

While the present statutes do not make dismissal of a prosecution—at the preliminary examination stage—a bar to further prosecution for the same offense, this Court views critically the practice of "shopping" among magistrates or the repeated refiling of a charge until a favorable ruling is obtained. Without the production of additional evidence, or the existence of other good cause to justify a subsequent preliminary examination, such a practice can become a form of harassment which may violate the principle of fundamental due process and equal protection of the law, as announced by the United States Supreme Court. This is not to say that when new evidence becomes available or when the prosecutor believes—in good faith—that the magistrate committed error, the charge should not be refiled; but absent such circumstance, the continued refiling—numerous times—of a charge which has been dismissed by a magistrate is not to be desired. The facts of the instant case do not approach such an offensive degree to be violative of fundamental fairness. Accordingly, this Court holds that petitioner is not entitled to a writ of prohibition, for as stated before, under existing statutes, dismissal of a prosecution at a preliminary examination is not a statutory bar to further prosecution for the same offense regardless of the "judicial title" of the official sitting as examining magistrate.

 We feel compelled to add further that once a defendant has been discharged at a preliminary examination, there is no legal authority to hold him in custody merely because the district attorney anticipates filing the same charge again. Until such time as a charge has been filed, or until the defendant is otherwise arrested under valid legal process, there is no legal confinement. An "oral hold order" by an assistant district attorney—standing alone—is wholly insufficient to confine a defendant in the county jail as such is unauthorized by law. Accordingly, defendant should have been released after being ordered discharged by the special judge at the preliminary examination; and such court order cannot be countermanded by an order of an assistant district attorney. After a new charge had in fact been filed, the defendant was subject to confinement on legal process.

Writ denied.