**STATE of Oklahoma, Plaintiff in Error,**

**v.**

**R. H. Dick WELCHER and Frank Edwin Andrews, Defendants in Error.**

**Nos. A–16081, A–16082.**

Court of Criminal Appeals of Oklahoma.

July 29, 1970.

S. M. Fallis, Jr., Dist. Atty., John S. Morgan, Asst. Dist. Atty., 14th Judicial District, for plaintiff in error.

Ungerman, Gravel, Ungerman & Leiter, Ed Parks, Tulsa, for defendants in error.

BRETT, Presiding Judge:

The State of Oklahoma, by the District Attorney for the Fourteenth Judicial District, has filed this attempted appeal by petition in error, stating that it is filed pursuant to the "authority contained in Title 22, Section 1053, Oklahoma Statutes, 1961"

petitioning this Court "for appeal from an adverse judgment quashing and setting aside an Amended Information on a reserved question of law." The State sets out in its petition in error that "this appeal is taken from the District Court in and for Tulsa County" from a ruling of a Special District Judge at a "preliminary hearing." The petition states that the "nature of relief being sought is a ruling by the Oklahoma Court of Criminal Appeals on the above reserved question of law, and if affirmatively determined then the defendants be held to answer such pursuant to the procedure of criminal prosecution for the State of Oklahoma."

Counsel for the defendant in error, Frank Edwin Andrews, has filed a "Motion to Dismiss" which must be sustained for the reasons set forth herein.

The State in its petition in error alleges that it is filing this proceeding under the authority of Title 22, Section 1053, which provides as follows:

"Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:

"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"2. Upon an order of the court arresting the judgment.

"3. Upon a question reserved by the State."

The State alleges in its petition that this is an appeal on a reserved question of law. However, in view of the previous holdings of this Court, it is apparent that under the facts in the instant situation the State cannot appeal on a reserved question of law from the ruling of an examining magistrate at a preliminary examination which fails to bind the defendant over for trial in the district court.

The right to appeal from an adverse final order or judgment to a higher court is strictly statutory. The appeal must be from a final judgment. McLellan v. State, 2 Okl.Cr. 633, 103 P. 876; Stanton v. State, 23 Okl.Cr. 193, 213 P. 914.

In the case of State v. Kile, 96 Okl.Cr. 148, 250 P.2d 233, the State attempted to appeal from the ruling of a Tulsa County Court of Common Pleas judge, acting as an examining magistrate, sustaining the demurrer of the defendant at a preliminary examination. The Court dismissed the appeal holding:

"In the within case no jeopardy attached in the proceeding before Judge Lisle in the court of common pleas. If the county attorney was dissatisfied by the action of the examining magistrate there, and felt either the judge had not given proper consideration to his evidence, or that he had further evidence sufficient to make out a case, he could have refiled the complaint before any justice of the peace, or other judge of Tulsa County who might have authority to act as an examining magistrate. Ridenour v. State, 94 Okl.Cr. 92, 231 P.2d 395, 399, and Pierro v. Turner, Sheriff, 95 Okl.Cr. 425, 247 P.2d 291.

"It would be only after an information was filed in a felony case and a final adverse order or judgment was entered that the provision of Title 22 O.S.1951, § 1053, could be invoked."

This Court then concluded:

" * * * that we do not have jurisdiction of the purported appeal from the adverse action of the court of common pleas sitting as an examining magistrate. * * *"

We think the rule in State v. Kile is applicable and controlling in the instant situation. It is noted that judicial reorganization and the new court system which has intervened since the *Kile* decision has not substantially altered the nature of the preliminary examination. In Nicodemus v. District Court of Oklahoma County, Okl. Cr., 473 P.2d 312, this Court held that under judicial reorganization, a criminal case is not before the district court until after a preliminary examination, and that the dismissal of a prosecution at a preliminary examination is not a bar to the subsequent refiling of the same charge.

Thus, it is clear in the instant case that the ruling of the Special District Judge of Tulsa County, sitting as an examining magistrate, dismissing the prosecution against the defendants in error herein in Tulsa County Case CRF–69–874 is not a final order appealable by the State under Section 1053 of Title 22.

The appeal of the State is hereby dismissed.

BUSSEY and NIX, JJ., concur.