**A. C. WALTERS, Petitioner,**

v.

**Sam WILLIAMS, District Judge of Grady County, Oklahoma, Respondent.**

**No. A–14719.**

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1970.

Wilson Smithen, Chickasha, for petitioner.

G. T. Blankenship, Atty. Gen., Joseph H. Humphrey, Dist. Atty., Kerry W. Caywood, Clarence L. Maher, Asst. Dist. Attys., for respondent.

BRETT, Presiding Judge.

This is an original proceeding in mandamus. Under the provisions of 22 O.S. § 811, petitioner is seeking dismissal of two murder charges pending against him in the District Court of Grady County, Oklahoma. At the time the two preliminary complaints were filed against petitioner, a third one was also filed. The three complaints charged petitioner with three different murders, which occurred at the same time and place. It was alleged that the petitioner shot and killed three men. It was the County Attorney's election to file the three complaints at the same time, before the same Justice of the Peace.[1] However, because petitioner was committed to the State Mental Hospital immediately after his arrest, the preliminary examinations were delayed. At a subsequent date, because the three alleged murders occurred at the same time and place, it was agreed among all parties that one preliminary examination would serve for the three separate complaints. At the conclusion of the preliminary examination, the State moved that petitioner be bound over on one charge, and that the other two charges be continued until a later date. On October 2, 1964, the examining magistrate granted the State's motion and bound petitioner over to stand trial on preliminary complaint number 4578, only. Thereafter information number 4147, was filed in the District Court of Grady County, charging petitioner with Murder; but, no other disposition was made of the other

two complaints until after petitioner stood trial on the information filed. Petitioner's first trial commenced November 10, 1964, but because of the trial judge's death, a mistrial was declared.

Petitioner's second trial, on information number 4147, was commenced on February 1, 1965, which was also declared a mistrial because the jury could not agree on a verdict. Some ten days after the second mistrial was declared, petitioner filed an application requesting that he be recommitted to the State Hospital for further mental treatment. Petitioner remained under medical treatment until December 4, 1967, when he was returned to Grady County to stand trial for the third time on information 4147.[2]

However because of the second mistrial on December 5, 1967, petitioner filed an application to be admitted to bail. On December 11, the State filed the other two informations in the District Court alleging the two additional murder charges. These informations were number 4278, and number 4279; and because of the pending murder charges, bail was denied. These two latter informations are the basis for this action.

In his petition, petitioner prays for issuance of a writ of mandamus to require the District Court to dismiss, with prejudice, informations 4278, and 4279; and that he be released from custody under those charges. Petitioner contends that he has been denied a speedy trial under the provisions of 22 O.S. § 811, which provides:

"When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

1. Complaints were filed October 8, 1962, alleging the murders to have been committed on October 7, 1962.

2. On March 29, 1968, the jury returned a verdict finding petitioner guilty of First

Degree Manslaughter, and assessed his punishment at ninety-nine years imprisonment. He appealed and the judgment and sentence was affirmed by this Court. See: Walters v. State, Okl.Cr., 455 P.2d 702 (1969).

The question presented here is, whether or not the examining magistrate exceeded his authority when he granted the State's motion to continue two charges, while at the same time binding the petitioner over to stand trial on one charge, when all three charges were considered at the same preliminary examination. Under 22 O.S. § 254, the examining magistrate's authority is limited. That section of the Statutes provides:

"The [preliminary] examination must be completed at one session unless the magistrate for good cause adjourn it."

Under the record before the Court, we fail to find such good cause being shown, as referred to in the statute. The record clearly reflects that the three complaints were filed at the same time, before the same examining magistrate; and that by agreement of the parties one preliminary examination would be held on all three complaints. The only reasons given for continuing the two charges appear to be procedural reasons. No specific cause was given for not filing the three informations in the District Court, except that the defendant could not be tried on three charges of murder before the same jury panel. This may be true, but we fail to see the rationale for the State's failure to proceed with the charges at the conclusion of the preliminary examination. Certainly good cause would have existed to delay the trials for the reason given if the informations had been filed, unless the defendant demanded a more speedy result. Under the facts and circumstances presented at the preliminary examination, the examining magistrate had no alternative but to bind the petitioner over on all three charges at the same time. Hence, we fail to see the showing of good cause required by the statute, to warrant the magistrate's action in this matter.

Therefore we must determine: at this time, what is the status of the two charges? Petitioner states in his petition, " * * * [I]f there was no legal reason or operation of law to prevent filing of one information, then no good cause existed for filing the other two [charges]." We believe the petitioner is correct in this statement. The prosecutor's election, or indiscretion, not to file the other two informations is not good cause. Consequently, the two complaints which the magistrate presumed to continue indefinitely are in the same situation, as if the magistrate had dismissed them. This is true notwithstanding what this Court stated in Ex parte Schaeffer, 54 Okl.Cr. 292, 293, 19 P.2d 619, 620 (1933), as follows:

"The justice of the peace had a right, without a showing, to adjourn the hearing *for a reasonable time* to enable the state to complete its evidence." (Emphasis added.)

In the instant matter there is no contention by the State that the continuance was necessary to complete its evidence. To the contrary, the State appeared to have sufficient evidence to prosecute the charges. Consequently, the continuance in this instance was without good cause, and the magistrate might as well have dismissed the two complaints. Clearly, had this been done the State could have subsequently filed the charges again.

This Court recently construed the statutes concerning the dismissal of a complaint by the examining magistrate. In Nicodemus v. The District Court of Oklahoma County, Okl.Cr., 473 P.2d 312 (1970), this Court stated:

"Under existing statutes, dismissal of a prosecution at the preliminary examination is not a bar to further prosecution for the same offense."

The statutes referred to in *Nicodemus, supra,* are the same as those in existence at the time petitioner's charges were considered at the preliminary examination.

However, notwithstanding the fact that we conclude that the two murder charges now pending before the District Court of Grady County are subject to dismissal, we do not agree with the petitioner's contention that they are to be dismissed with prejudice. There is a direct connec-

tion between the time when a person can be charged with a preliminary information for the commission of a crime, and the statute of limitations prescribed for the time limitation within which the prosecution may be commenced, after the commission of the alleged crime. Title 22 O.S.1961, § 151, provides:

"There is no limitation of the time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed."

■ We have already determined that the dismissal of a charge at the preliminary examination may be refiled within the time limitation prescribed by the statutes. It follows then, that insofar as there is no statute of limitations for the crime of murder, in the event the charge is dismissed at the preliminary examination the charge may be refiled at any time. We observe also, with reference to speedy trials this Court provided in Inverarity v. Zumwalt, 97 Okl.Cr. 294, 297, 262 P.2d 725, 729 (1953):

"Ordinarily Art. II, § 20 of the Constitution of Oklahoma and the provisions of the statutes, Tit. 22 O.S.1951, § 811, * * guaranteeing to persons accused of crime the right to a speedy trial, and held to entitle a person to a dismissal once the case is pending in the trial court and is continued from time to time over the objections of the defendant, [citations omitted] does not apply to preliminary hearings * * *." [3]

The extreme situtions referred to, following the citation, and reported in Application

of Cameron, 97 Okl.Cr. 81, 259 P.2d 208, (1953), do not exist in this case. In the instant matter, the prosecutor has never stated, that he did not intend to follow through on the prosecutions for the crimes charged. Instead, he has stated that he could only try one charge at a time; and that the cases should be tried before different jury panels.

■ We therefore hold, that an unreasonable continuance of a preliminary examination, granted on the motion of the State over the objections of the defendant, without a showing of good and sufficient cause, will result in the dismissal of the pending charge; and whether or not the charge may be refiled depends on the statute of limitations prescribed for the crime alleged to have been committed.

■ Admittedly in the instant matter, petitioner was denied bail because the two additional informations were filed charging him with two separate crimes of murder; but under the facts and circumstances of these cases we do not consider that the petitioner has been so prejudiced as to prevent the refiling of the two murder charges.

We are therefore of the opinion, that informations number 4278, and number 4279, now pending in the District Court of Grady County, which charge petitioner with two separate crimes of murder shall be dismissed, without prejudice to the same being refiled. We are further of the opinion, that under the existing statutes there is nothing to prevent the State from refiling said charges against petitioner.

Writ of Mandamus granted in part, and denied in part.

BUSSEY and NIX, JJ., concur.

---

3. Reference to § 812 has been omitted, because this Court has already ruled on the provisions of that section. See: Snow v. Turner, Okl.Cr., 406 P.2d 509 (1965). In that case however, the defendant had already been bound over from a preliminary examination and the information was pending in the district court.