## JORDAN v. TURNER, Sheriff.

No. A-11718. June 11, 1952.

(245 P. 2d 748.)

308

■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■

Sid White, Oklahoma City, for petitioner.

Granville Scanland, County Atty. Oklahoma County, and Roy H. Semtner, Ass't County Atty. Oklahoma County, for respondent.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Donald Ray Jordan, for the purpose of securing his release from confinement in the county jail of Oklahoma county.

This court assumed original jurisdiction to decide the question presented by counsel for the defendant as to whether a person is entitled to be discharged and a case pending against him dismissed where the facts show that the accused stood charged with a commission of a felony before an examining magistrate, and that before a preliminary examination is held a grand jury convenes and said cause is not submitted to the grand jury for their determination and no indictment is presented against the accused before the final discharge of the grand jury.

The facts disclose that on April 2, 1951, a preliminary complaint was filed against the petitioner in the justice of the peace court of Ben LaFon in Oklahoma City, charging the defendant with the crime of "possession of narcotic drugs". On araignment of the petitioner he was released on his own recognizance. Petitioner was at that time 16 years of age and without counsel. The case was continued for preliminary examination by agreement between the county attorney and defendant and was to be reset on the motion of the county attorney.

Thereafter, on January 14, 1952, a preliminary complaint was filed in the justice of the peace court of Paul Powers in Oklahoma City, charging the petitioner with the crime of "burglary in the second degree". On January 16, 1952, petitioner appeared in person and with counsel, waived a preliminary examination, was ordered held to await trial in the district court but was released on his own recognizance. Thereafter, on January 25, 1952, the petitioner appeared for arraignment with his attorney before the district court of Oklahoma county and entered his plea of guilty to the crime of burglary in the second degree, and on recommendation of the county attorney, acting by Roy H. Semtner, assistant county attorney, the petitioner was sentenced to serve two years in the State Penitentiary, but the sentence was suspended during the good behavior of the petitioner in accordance with the provisions of law. At the time said sentence was rendered it was unknown to the assistant county attorney that there was a charge pending in the justice of the peace court of Ben LaFon charging the accused with the crime of possession of narcotics. On January 31, 1952, a deputy sheriff of Oklahoma county called the county attorney's attention to the charge pending before justice

of the peace, LaFon, and on motion of the county attorney said complaint was set for preliminary examination on February 7, 1952. Thereafter, over objection of the petitioner and his counsel, the petitioner was ordered held to await trial in the district court on said charge.

It was agreed that a grand jury convened in Oklahoma City subsequent to the filing of the preliminary complaint charging the crime of possession of narcotics and was dismissed before said complaint was set for hearing, and that said grand jury did not consider the said case against the accused. It is argued that by reason of its failure to present an indictment against said accused it should operate as a dismissal of his case and entitle him to be discharged.

Both parties rely upon the provisions of Tit. 22, O. S. 1951 § 258, Subdivision 4, which provides:

"If a preliminary information be filed or is pending within three days before the grand jury convenes, or while it is in session, no examination shall be had, but the accused shall be held under bond or confined until the matter can be submitted to that grand jury or until that body adjourns."

This statute would indicate that the facts pertaining to all preliminary informations pending within three days before the grand jury convenes or while it is in session should be submitted to the grand jury, but reading the last four words in connection with the remainder of the paragraph it is apparent that it was the intention of the legislature in the adoption of this law that no preliminary examination should be held while the grand jury is in session but that the accused should be held under bond until the matter could be submitted to the grand jury, *or until that body adjourns.* (Emphasis ours). Which means that if the grand jury adjourned without consideration of the charge alleged in the preliminary information the county attorney was free to continue with the prosecution of the charge pending against the accused.

This construction is in harmony with the Constitution and statutes of this state which require that prosecution for felonies committed in the state may be conducted either by an indictment presented and filed by a grand jury or by the filing of an information in the district court signed by the county attorney after a preliminary examination has been held. Constitution, art. 2, § 17.

Immediately after statehood this court decided the case of In re McNaught, 1 Okla. Cr. 528, 99 P. 241, which discusses the concurrent remedies which the prosecutor has in felony cases to either proceed by indictment or information. The third syllabus reads:

"The Constitution of Oklahoma (Const. art. 2, § 17) authorizes prosecutions for felonies by information after examination and commitment by a magistrate without indictment by a grand jury. The criminal procedure act, being chapter 18, Gen. St. 1908, makes provisions for a preliminary examination before a committing magistrate in the presence of the accused, who is entitled to the aid of counsel and the right of examination of witnesses, whose testimony may be reduced to writing at his request; and upon a finding by the magistrate that a felony has been committed, and that there is sufficient cause to believe the accused guilty thereof, an order, holding him to answer thereto before the district court of the county in which the offense is triable, shall be made, and the prosecution in that county may be by indictment or information, as they are concurrent remedies."

In the body of the opinion we find the following language:

"These sections, 17 and 18, clearly show that the purpose and intent of the framers of the Constitution was that, ordinarily, prosecutions for felonies were to be by information, from the organization of the state, except that in special instances such prosecutions might be by indictment, and that, in prosecutions for

crime by indictment or information, both should be concurrent remedies. Section 20 provides that the accused shall be informed of the nature and cause of the accusation against him, and that he shall have a copy thereof, and that in capital cases, at least two days before the case is called, he shall be furnished with a list of the witnesses that will be called in chief to prove the allegations of the indictment or information, showing the intent to have capital cases prosecuted by information. Section 30 provides no warrant shall issue but upon probable cause supported by oath or affirmation. Article 2, § 17, provides what the style of a prosecution by information shall be, and what the concluding words must be. These constitutional provisions, together with the provisions of the criminal procedure, chapter 18 of the Code, provide a full and complete system of procedure for the prosecution of all felonies by information."

By statute it is provided:

"A grand jury is a body of men consisting of twelve jurors impaneled and sworn to inquire into and true presentment make of all public offenses against the State committed or triable within the county for which the court is holden." 22 O. S. 1951 Sec. 311.

By statute the subjects for inquiry by a grand jury are also provided:

"The grand jury must inquire:

"1. Into the case of every person imprisoned in the jail of the county or subdivision, on a criminal charge, and not indicted.

"2. Into the condition and management of the public prisons in the county or subdivision; and,

"3. Into the wilful and corrupt misconduct in office of public officers of every description in the county or subdivision." 22 O. S. 1951 Sec. 338.

If the petitioner had been imprisoned in the county jail and not indicted it would have been the duty of the grand jury to have inquired into the cause of his confinement and determine whether he should be prosecuted for the alleged commission of a crime. But subdivision 1 does not make it the duty of the grand jury to inquire into the case of a person charged with a crime committed or triable in the county where such individual is at liberty on bail.

In the light of the history of the many cases decided by this court and the construction placed upon the Constitution and statutes, we cannot adopt the reasoning of counsel for petitioner that the convening of a grand jury supersedes any function the county attorney might have to commence prosecution by complaint or by filing of an information in the district court after an individual has been ordered held to await trial in the district court. The prosecution by an indictment where the prisoner is not confined in jail is merely an alternative or concurrent remedy which the prosecutor might pursue in his discretion if the grand jury is in session.

We adopt the language of counsel for the respondent who states in his brief:

"The adoption of the novel rule advocated by the petitioner for his release would make the discharge of any Grand Jury virtually impossible. In a populous county, like Oklahoma County, it would be necessary to suspend all charges and arrests the last few days the Grand Jury was in session in order to discharge the Grand Jury without discharging all defendants arrested or charged in the closing days of the Grand Jury session."

Counsel raised other questions in his petition for habeas corpus, but we assumed jurisdiction of this matter for the purpose of passing only upon the question herein discussed, as the other questions are matters on which the law is well settled and we do not deem it necessary to consider them in this action.

The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.