## WALKER v. STATE.

No. A-11846. Dec. 2, 1953.

Rehearing Denied Jan. 6, 1954.

(265 P. 2d 499.)

368

William D. Fore, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant Leslie Dee Walker was charged by an information filed in the district court of Oklahoma county with the offense of driving an automobile on the public highway while under the influence of intoxicating liquor, a second offense; was tried, found guilty by verdict of the jury who, being unable to agree upon the punishment, left the same to be fixed by the court. Thereafter, the defendant was sentenced to serve one year in the State Penitentiary and pay a fine of $100, and has appealed.

The sufficiency of the evidence to sustain the conviction is not questioned, but counsel presents two assignments of error as follows:

First, the court erred in overruling the request of defendant to instruct the jury to disregard the testimony of highway patrolman concerning the alcoholic test allegedly given accused. Second, the court erred in failing to give an instruction concerning expert testimony.

In connection with the first assignment of error, Highway Patrolman McCown testified that he was traveling east on Highway 62 and he saw defendant driving a 1947 Chevrolet. The patrolman turned around and commenced pursuit. Defendant's car weaved back and forth across the road and at one point crossed a hill in the middle of the road. After defendant's car was stopped, the patrolman said defendant was unsteady on his feet, his clothes were disarranged, his speech hard to understand, his eyes were bloodshot, and he had a strong smell of alcohol on his breath. Upon being questioned, defendant told the officer he had been drinking whiskey since about 6:00 o'clock that morning.

The highway patrolman then testified that he brought the accused to Oklahoma City where he was given an alcohol test which confirmed the opinion of the witness that defendant was drunk. At the time this testimony was given, no objection to its admissibility was interposed and no motion was made to strike such evidence from the consideration of the jury. However, after the state had rested its case, counsel for defendant requested the court "to instruct the jury to disregard the testimony of Officer McCown with reference to the alcohol test." This request was denied and exception allowed.

There was no other evidence other than that hereinabove set forth relating to any test allegedly given the accused for intoxication. Under proper procedure, counsel should have objected and excepted to the testimony of the officer concerning the test and moved the court to exclude it from consideration of the jury. Even though counsel failed to object to its admissibility at the time the testimony was given, he did move for its exclusion at the close of the state's case, and we here consider the question as though properly and timely made.

We think this evidence was inadmissible. It is true that this court has sustained the admissibility of evidence pertaining to so-called drunk-o-meter and other tests of an accused made shortly after his arrest to ascertain the alcoholic content of his blood, where the testimony pertaining to such test is given by an expert with scientific knowledge and skill pertaining to such particular subject about which he testifies. Toms v. State, 95 Okla. Cr. 60, 239 P. 2d 812.

Here the patrolman did not purport to be the individual who gave the test. We are not even advised the nature of the test that was given. The information related by the witness was based on hearsay statements given to him by either the person who administered the test to the accused or someone else. However, counsel for the defense concede that aside from this evidence there is abundant evidence in the record to sustain the conviction. The accused testified that while visiting at the home of his parents, another party who came there to visit gave him the bottle of whiskey and that he took a drink from it when he started home. That after his arrest by the highway patrolman and while the highway patrolman had gone to the patrol car the accused took the remainder of the whiskey and drank almost all of it, leaving only the small amount which was found in the bottle by the officer. There was no attempt to disguise the fact that at the time the accused was placed in jail he was drunk. Under such a state of the record, the reception of the hearsay evidence pertaining to the alcohol test became harmless.

In Spradling v. State, 93 Okla. Cr. 431, 229 P. 2d 212, 213, this court held:

"Under the harmless error doctrine, Title 22 § 1068, O.S.A. 1941, which has been firmly established by this court in construing the statutes of this state, where the guilt of defendant is clearly established, and there is no reason to believe that on a second trial an intelligent and honest jury could or reasonably would arrive at any other verdict than that of guilty, a new trial will not be granted except for fundamental errors."

For his second assignment of error it is contended that the trial court erred in failing to give an instruction concerning the weight to be given expert testimony. This contention is based upon the evidence of the highway patrolman hereinabove disclosed pertaining to the alleged alcohol test. No expert testified for either the state or the defendant concerning the alleged test, how it was conducted, or what it showed, and there was no evidence in the record which would have justified an instruction such as counsel now thinks should have been given. It is important to note in this connection that no request was made by counsel for any such instruction.

In Green v. State, 70 Okla. Cr. 228, 105 P. 2d 795, it was held:

"If upon the trial additional instructions are desired, it is the duty of counsel to reduce them to writing and request that they be given, and if he fails to do so a conviction will not be reversed, unless the court is of the opinion, in the light of the entire record and instructions of the court, that there was a failure to instruct the jury upon some material question of law, and that the defendant has been deprived of a substantial right."

See, also, Doolin v. State, 90 Okla. Cr. 188, 212 P. 2d 136.

It is apparent that there is no reversible error in the record.. The defendant made an excellent showing by witnesses from Tinker Air Force Base that he had a good reputation and was one of the outstanding aircraft mechanics employed at the air base. However, the record discloses that the accused had been convicted of driving while drunk on two occasions; once in Oklahoma county and once in Okmulgee county. Notwithstanding the excellent reputation the accused bore as a hard worker, the trial court was justified in assessing the punishment which was imposed because of the previous misdeeds of the accused.

The judgment and sentence of the district court of Oklahoma county is affirmed.

POWELL, P. J., and BRETT, J., concur.