Noah SISSON, #40431, Petitioner,

v.

The STATE of Oklahoma and Ray Page, Warden of the State Penitentiary, Respondents.

No. A-14203.

Court of Criminal Appeals of Oklahoma.

April 5, 1967.

**380**

Noah Sisson, pro se.

G. T. Blankenship, Atty. Gen., for respondents.

## MEMORANDUM OPINION

BUSSEY, Judge.

This is an original proceeding in which Noah Sisson seeks his discharge from confinement in the State Penitentiary at McAlester, Oklahoma, where he is currently serving a term of life imprisonment for the crime of Rape. Said judgment and sentence was pronounced against him by the District Judge of Payne County on the 2nd day of November, 1939.

Petitioner seeks his release from confinement for the following reasons:

(1) That at his arraignment in the District Court he was not represented by counsel, at which time he entered a plea of Not Guilty, and

(2) That the trial court was without jurisdiction to impose the judgment and sentence against said petitioner for the reason that he had never been indicted by a grand jury.

We are of the opinion that neither of these propositions are meritorious for it affirmatively appears that immediately after Noah Sisson was arraigned in the District Court and entered a plea of Not Guilty, the trial court appointed two capable members of the Payne County bar to advise with the petitioner and that subsequent thereto, the petitioner withdrew his plea of Not Guilty and entered a plea of Guilty after having the advice of competent counsel.

The second proposition has been passed on many times by this Court. In the early case of In re McNaught, 1 Okl.Cr. 528, 99 P. 241, in an opinion dealing exhaustively with this contention, this Court concluded that under Article 2, § 17 of the Constitution of the State of Oklahoma,

prosecutions may be by indictment or information as they are alternative modes and that a prosecution by information does not violate either the 14th or 5th amendment of the Constitution of the United States. See also Berryman v. State, Okl. Cr., 283 P.2d 558; Pieiro v. Turner, 95 Okl.Cr. 425, 247 P.2d 291; Jordan v. Turner, 95 Okl.Cr. 307, 245 P.2d 748.

For the reasons above set forth the writ prayed for is denied. Writ denied.

BRETT, J., and NIX, P. J., concur.