James Patrick RYAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14803.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, James Patrick Ryan, hereinafter referred to as the defendant, was convicted of the crime of Robbery with Firearms in the District Court of Oklahoma County, and sentenced to 25 years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record it appears that the defendant was charged with entering the Davis Drug Store on July 8, 1967, and made an assault upon Jack Houts with a loaded pistol. While Jack Houts was under fear and restraint, defendant took $93.00 in cash and a large quantity of narcotics from his person, of and in his immediate presence.

The state presented its evidence of the events of July 8, 1967, through several witnesses. Mrs. McDonald testified that on July 7, 1967, she was working on her job as a clerk at the C. R. Anthony store at N.W. Tenth and Rockwell, Oklahoma City, Oklahoma. On this evening, she observed a white 1967 Chevrolet with two occupants. They appeared suspicious to her and she wrote down the license number of the car; on the witness stand she incorrectly remembered the number to be: Kansas JO 76625. On July 8, 1967, the car again appeared in the shopping center at 11:45 a. m. She identified one of the occupants as the defendant. He entered the West Oaks Drug Store with a gun in his pocket. She called the drug store to warn them of a robbery and again wrote down the license number: Kansas JO 67725. This number was verified by state's exhibit 5.

Several state witnesses testified that shortly before noon on July 8, 1967, a 1967 white Chevrolet with a Kansas tag entered the parking lot of a laundromat at 6620 N.W. 23 Street. There were two occupants, and the manager asked one to move the car. The other had entered the neighboring drug store.

Mr. Houts, the pharmacist and owner of the Davis Drug Store, testified that at noon a man from a 1967 white Chevrolet entered the store and asked about sun glasses. After some time he left. Shortly thereafter, the other occupant of the car entered the store. Houts identified this man as the defendant. After allegedly shopping for a camera for some time, he pulled a gun on Houts and robbed him of $93 and some narcotics.

A lady in the laundromat testified that she saw a man, identified as defendant, leave the drug store between 12:30 and 1:00 p. m. carrying a sack. Other witnesses testified that the defendant was in the area of the laundromat at this period of time.

Another witness, a Mr. Nakeamura, testified that between 2:00 and 3:00 p. m. on July 8, 1967, while watching television in his apartment at 6803½ N.W. 13 Street, a man, identified as defendant, asked if he could enter and watch television with him. Defendant was a stranger but Nakeamura admitted him. After defendant entered, policemen arrived and arrested the defendant.

Police officers testified that a narcotic taken from the robbery of the Davis Drug Store was found on the defendant at the time of the arrest. Permission was obtained from the defendant to search a 1967 white Chevrolet parked outside the building. A Kansas tag numbered JO 67725 and various clothing witnesses described defendant as wearing were found in the trunk, along with a paper sack and a gun.

The defendant did not testify nor offer any evidence.

Defendant attempts to allege in his first proposition that "probably error occurred" in the testimony of Officer Legg at page 82 of the casemade, wherein he testified that he had been told by a Mr. Nakeamura upon entering his apartment that he, Nakeamura, was not acquainted with the defendant and that the defendant merely ran into their apartment saying that his television was out of order and that he wanted to watch television with him. The defendant had told him [Nakeamura] that "the cops were outside looking for a robber".

Defendant does not allege just how this was error, nor cite any law to support it. Ordinarily, this Court would not consider it under these circumstances, however, we will briefly discuss several points of law, which are pertinent in the proper disposition of this cause.

With regard to defendant's first proposition of error, there is some question as to whether this testimony by the officer, supra, was hearsay testimony. It is important to note here that the testimony was admitted *without objection,* so the defendant cannot now complain. See Walker v. State, 97 Okl.Cr. 367, 265 P.2d 499. Secondly, the testimony was properly admitted as an exception to the hearsay rule in the instant case. This statement was made to the officer in the presence of the defendant. If the defendant did not agree, he could have spoken up and corrected Nakeamura at the time the statement was made. Defendant's brief cites a case stating that an accusatory statement is not admissible in evidence, but this case, McGrew v. State, Okl.Cr.App., 293 P.2d 381, 382, holds, in effect, that an accusatory statement made in the presence of the accused may be admitted as an exception to the hearsay rule, because if the defendant hears the statement, he may object. However, once the defendant is in custody, or under the control of the officers, this is no longer true and he can no longer be expected to object to accusatory statements. This particular statement in the instant case was made in the presence of the defendant before he was placed under arrest or placed in custody. He was under no restraint and could have freely denied the statement. Also, this statement is so insignificant compared to the overwhelming evidence presented against this defendant, this Court is of the opinion it was not prejudicial, and has no merit.

The defendant has filed a supplemental brief, pro se, in which he raises two points of law. First, he asserts that he was held for an unreasonable time before being brought before a magistrate to be charged with this crime. He asserts he was held for five days and this amounts to a deprivation of due process of law. There is nothing to substantiate this claim, other than the defendant's own assertions in his supplemental brief. The defendant had an opportunity to raise this problem in the trial court but failed to do so. He was

represented by competent counsel who handled his case. It is too late to raise this on appeal.

The defendant, in asserting that he was held for an unreasonable length of time asserts only in a very general manner that he was prejudiced by this delay. He has presented no facts to show that he was in any manner harmed. There is no mention of any statements taken from him which were used against him or of any threats or pressure put upon him.

Oklahoma has not adopted the Federal Rule of Criminal Procedure No. 5(a) to the effect that failure to take an accused immediately before a committing magistrate will ipso facto void the proceedings. Application of Fowler, Okl.Cr. App., 356 P.2d 770; Thacker v. State, Okl.Cr.App., 309 P.2d 306. In the case of Brown v. State, Okl.Cr.App., 384 P.2d 54, the Oklahoma law is set out. A deprivation of rights must appear on the record to the extent that the defendant has been prejudiced by the delay. Eight days was not held to be excessive in that case, and under the circumstances no prejudice was shown. In that case, the Court stated:

"A period of eight days elapsed before the defendant was taken before a magistrate. Such delay could amount to a denial of a substantial right, but no such deprivation has been established by record. The burden is on the defendant to establish prejudice by reason of the delay * * * This Court has held that the foregoing statute relative to taking defendant before a magistrate without unnecessary delay should be strictly followed * * * However, the delay of eight days does not appear to have prejudiced the defendant herein."

This defendant, with no suggestion of a defense or any mention of evidence he was deprived of finding by reason of the delay, and who made no statements which would incriminate him during this period, cannot complain that his case was subsequently brought to trial. See also, Pickens v. State, Okl.Cr.App., 450 P.2d 837, opinion handed down February 5, 1969. It is our opinion defendant was not deprived of due process of law.

Next defendant claims that the procedure used to charge him with armed robbery violated his constitutional rights under the United States Constitution because he was not charged by a Grand Jury. He based this contention on that part of the Fifth Amendment to the United States Constitution which provides that, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, * * *." Although he fails to support his contention with a single citation of authority, it seems to be his position that said language of the federal constitution is made obligatory upon the states through the operation of the Fourteenth Amendment, notwithstanding Article 2, Section 17, of the Oklahoma Constitution, which provides in relevant part that:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment *or by information*. * *" (Emphasis added)

This Court has considered this contention many times, the most recent being the case of Sisson v. State, Okl.Cr.App., 426 P.2d 379. See this pertinent language in the body of that opinion:

"The second proposition has been passed on many times by this Court. In the early case of In re McNaught, 1 Okl.Cr. 528, 99 P. 241, in an opinion dealing exhaustively with this contention, this Court concluded that under Article 2, § 17, of the Constitution of the State of Oklahoma, prosecutions may be by indictment or information as they are alternative modes and that a prosecution by information does not violate either the 14th or 5th amendment of the Constitution of the United States. See, also, Berryman v. State, Okl.Cr.App., 283 P.2d 558; Pierro v. Turner, 95 Okl.Cr. 425, 247 P.2d 291; Jordan v. Turner, 95 Okl. Cr. 307, 245 P.2d 748."

The case of *In re McNaught,* supra, which was cited in the Sisson case, supra, is indeed an exhaustive analysis of the same question presented here. This Court has seen fit to follow that conclusion and reasoning, since the case was decided in 1909, and we see no reason to deviate from that position at this time.

This Court has carefully considered the record and the briefs in this cause, and find that none of the allegations of error are sufficient to warrant either a reversal or a modification.

The defendant had a fair and impartial trial, the record is free from fundamental error and the evidence amply supports the verdict of the jury.

The judgment and sentence is affirmed.

BRETT, P. J., and BUSSEY, J., concur.