Robert Louis DAVIS and James Allison Davis, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14972.

Court of Criminal Appeals of Oklahoma.

March 12, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Gary F. Glasgow, Asst. Attys. Gen., for defendant in error.

NIX, Judge.

The Plaintiffs in Error, Robert Louis Davis and James Allison Davis, hereinafter referred to as "defendants", were charged by information in the District Court of Oklahoma County with the crime of Robbery First Degree. The information more specifically alleged that the defendants, on April 9, 1968, in said county, acting conjointly, did unlawfully make an assault upon one Dean Robert Walker by means of striking and beating him and did also feloniously take from him $17.00 in money and personal property with the intent to appropriate the money to their own use and benefit.

This case came on for trial by jury, which returned a verdict finding the defendants guilty of Robbery in the First Degree and assessed their punishment at imprisonment in the State Penitentiary for a term of ten years. This appeal is brought from that judgment and sentence.

From the record, it appears that on the afternoon of April 9, 1968, Dean Walker and Charles Walker, brothers, and their cousin, Betty Walker, and a friend, Herma Herndon, were having a picnic at Lincoln Park in Oklahoma City. About 3:30 p. m.

as they were putting the things back in their car, three youths drove by in a red Mustang. Betty Walker testified that two of them were the two defendants on trial. One of the defendants got out of the car and demanded cigarettes and money. The driver of the Mustang said something about having a gun, although she never did see one. Then she saw the two defendants kicking and beating Dean Walker, who was on the ground. The third occupant of the Mustang hit Charles Walker on the head with a coke bottle. After the three left, they called the police. She identified the three (including the two defendants on trial) that evening at a police lineup.

Dean Walker testified that he was at the picnic with the other three. He testified that he had $17.00 taken from him by three persons at the picnic, after being kicked and beaten, but he could not say that either of the defendants on trial were the assailants, and the Court admonished the jury not to consider any purported identification by Dean Walker.

Charles Walker testified that he was at the picnic, when the three youths came in the red Mustang. One of them, who was one of the defendants on trial, dismounted and demanded cigarettes and money, and stated he was "packing a pistol." The third occupant struck him in the head with a coke bottle. Charles Walker and the two girls then left to get help, leaving Dean Walker. Charles Walker identified the three persons, two of whom were the defendants on trial at a police lineup that evening. He never did see any of the three youths with a gun.

Clifford Lea, of the Oklahoma City Police Department, testified that about 3:55 p. m. he received a radio message giving a description of three suspects in an automobile possibly involved in an incident at Lincoln Park. About 4:30 p. m. he arrested three persons, two of whom were the defendants, at 50th and North Eastern. After taking them to the station, he warned one of the defendants, Allison Davis, of his rights against self-incrimination, after which Allison told him they were at Lincoln

Park and his brother Robert Louis saw two white boys and two white girls, and stated he was going to "beat them up", that Allison soon broke up the fight and they left. Nothing was said about taking any money. When he arrested them all they had was about a couple of dollars.

Robert Louis Davis testified that he and his brother, James Allison Davis, and one Grimmett, and a number of others, were riding around Lincoln Park in a red Mustang. They left the park to return one of their companions to school and were on their way back to Lincoln Park to pick up some more companions, when they were arrested at the service station. He denied ever seeing the Walkers and their friend at the picnic, denied threatening anyone, or telling anyone of a gun, or striking anyone.

James Allison Davis did not testify and no other evidence was offered on behalf of the defendants.

The first allegation of error, on behalf of Robert Louis Davis, contends that the jury heard inadmissible hearsay against him. More particularly, he complains of the testimony of Officer Clifford Lea, at page 76 of the record:

"A. I asked him if they had been in Lincoln Park and he stated they had, they went to Lincoln Park to meet three girls and when they got over there they saw these two white boys and two white girls and he said his brother got out—got out of the car and said he was going to—he started to make another statement, then he changed it, and it sounded like he was going to say rob.

Q. No, just what he said.

A. He said robbed—I mean, beat them up.

Q. Beat them up, that is what he said?

A. Yes.

Q. What else did he say?

A. And he said that when he broke up the fight, he stopped them from fighting, they both got back in the car and drove to 50th and Eastern, the service station, that is where I arrested them."

There was no objection to this from defendant or defense counsel.

This Court has ruled many times, as in Eaton v. State, Okl.Cr.App., 404 P.2d 50:

"If hearsay evidence is admitted without objection, it may be considered as fully as though it were admissible. The only question being with regard to how much weight should be given to it under the particular circumstances of the time and place of making of the declaration and the identity and knowledge of the declarant."

And, further, in Hunter v. State, 97 Okl.Cr. 402, 264 P.2d 997:

"Hearsay evidence related by a witness without objection on the part of counsel for the accused will not constitute reversible error unless this court can say from an examination of the entire record that the reception of such hearsay evidence was a substantial factor in causing the jury to convict the accused."

To properly preserve for presentation on appeal the alleged error in the reception of hearsay evidence, the accused should have objected to such evidence at the time it was introduced and moved to exclude the same from consideration of the jury. Walker v. State, 97 Okl.Cr. 367, 265 P.2d 499.

It is the opinion of this Court that the testimony complained of did not constitute error, nor justify reversal, under the overwhelming preponderance of testimony of other witnesses as to defendant's guilt.

Defendant's other allegation relating to James Allison Davis, is "Appellate Consideration of Evidence". After a thorough examination of this record, and with regard to both defendants, this Court is of the opinion that there was more than sufficient evidence to sustain the verdict of the jury.

As to the sentence being excessive, Title 21, O.S.1961, § 800, provides:

"Whenever two or more persons conjointly commit a robbery or where the whole number of persons conjointly commits a robbery and persons present and aiding such robbery amount to two or more, each and either of such persons is punishable by imprisonment in the penitentiary for not less than five years nor more than *fifty years."* (Emphasis ours.)

When defendants could have received a maximum of fifty years within the statutory limits, a sentence of ten years can hardly be said to be excessive.

Having ruled on all of defendants' allegations, this Court is of the opinion that the defendants had a fair and impartial trial, that the evidence amply supports the verdict of the jury, and the sentence is not excessive. Therefore, the judgment and sentence is affirmed.

BRETT, P. J., and BUSSEY, J., concur.