SUSPENDED SENTENCE — PERIOD OF CUSTODY 22 O.S. 991a [22-991a](1) (1970), does not preclude the operation of 22 O.S. 982 [22-982] (1970), for the reason that the former statute relates to periods of custody only and the latter statute relates to sentences. Therefore, a defendant may be ordered to be held in the custody of the Department of Corrections for a period not to exceed ninety (90) days when his sentence is suspended in part, anytime within the period of his sentence which period begins to run from the date of a plea of guilty or conviction. The Attorney General has had under consideration your request for an opinion wherein you state and ask as follows: "I request of you an opinion with respect to the following statutes: "Title 22, Section 982 Title 22 O.S. 982 [22-982] (1969). 'Upon plea of guilty, or verdict of conviction, in all felony cases, where the court desires more information, it may make suitable disposition of the custody of the defendant and request the Department of Pardon and Parole or its successor to make a study of the defendant. This study shall include, but not be limited to, the defendant's previous delinquency, his social background, his capabilities, his mental and physical health, and such other factors as may be considered pertinent. Within thirty (30) days from the date this request is made by the court, or within such extended time as the court may allow, the Pardon and Parole Board shall make a written report to the court, a copy of such report to be given to the defendant and District Attorney, which shall be filed with the court clerk, unless otherwise ordered by the court. After receiving such report, the court shall impose such sentence as he deems warranted, which shall run from the date of the plea of guilty, or conviction.' "Senate Bill No. 262. 'SECTION 1. O.S.L. 1968, ch. 204, 1 (22 O.S. 991a [22-991a] (1969)), is amended in 1970 to read as follows: "' 991a. Whenever a person is convicted of any crime, except when the death sentence is imposed, the court shall either: "'(1) Suspend the execution of sentence in whole or in part, with or without probation, providing when the court suspends execution of sentence in part, the court may not order the defendant held in the custody of the Department of Corrections for a period to exceed ninety (90) days. During such custody the defendant shall not be eligible to earn time reductions as otherwise provided by law, or . . .' "My question is, does Senate Bill No. 262 preclude the operation of Section 982 or Title 22, insofar as it grants a defendant time served in jail after a plea of guilty and before sentence?" The rule of statutory construction applicable to your question is stated in Magnolia Pipe Line Co. v. State, 95 Okl. Cr. 193, 243 P.2d 369
(1952), as follows: "To ascertain intention of Legislature in enactment of statute, court may look to each part of statute, to other statutes upon same or relative subjects, to evils and mischiefs to be remedied, and to natural or absurd consequences of any particular interpretation." See also Henderson v. State,95 Okl. Cr. 393, 246 P.2d 393 (1952); Pierro v. Turner,95 Okl. Cr. 425, 247 P.2d 291 (1952); Landrum v. State,96 Okl. Cr. 356, 255 P.2d 525 (1953). We find nothing incompatible or inconsistent between the provisions of Section 982, supra, and Section 22 O.S. 991a [22-991a](1), supra. Section 982, supra, is an exception to the usual rule and fixes the time when a sentence begins to run if but only if there has been a request for a pre-sentence investigation report. (Sentences usually run from the date of pronouncement, if a suspended sentence, or from the date of delivery of custody of the body of the defendant to the Department of Corrections institution, if not a suspended sentence. Section 982 applies to all kinds of sentences, i.e., fixed term sentences, indeterminate sentences, "split" sentences, suspended sentences, etc. Section 22 O.S. 991a [22-991a](1), supra, however, relates only to suspended sentences. The reference to commitment for not to exceed 90 days relates only to custody and does not affect the sentence itself. Viewed in the light of the foregoing, it is clear that a defendant held in jail after conviction and prior to formal sentencing because of the court's request for a pre-sentence investigation report will have any sentence pronounced against him to run from the date of conviction in accordance with the provisions of Section 982, supra. However, if on sentencing the court suspends execution of part of the sentence, the court may not order the defendant to serve more than 90 days in actual custody of the Department of Corrections. The number of days not exceeding 90 which the court does order the defendant to serve in actual custody, will not be diminished by "time reduction" such as previous jail time served by the defendant or by other means as provided in 57 O.S. 138 [57-138] (1970). It is then the opinion of the Attorney General that 22 O.S. 991a [22-991a](1) (1970), does not preclude the operation of 22 O.S. 982 [22-982] (1970), for the reason that the former statute relates to periods of custody only and the latter statute relates to sentences. Therefore, a defendant may be ordered to be held in the custody of the Department of Corrections for a period not to exceed ninety (90) days when his sentence is suspended in part, anytime within the period of his sentence which period begins to run from the date of a plea of guilty or conviction. (Hugh H. Collum)