Henry Scott **DAVIDSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–126.

Court of Criminal Appeals of Oklahoma.

April 29, 1974.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., William Thiebaut, Jr., Legal Intern, for appellee.

. OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–72–2350, appellant was convicted for the offense of Second Degree Burglary After Former Conviction of a Felony. His punishment was fixed at twenty-one (21) years imprisonment; from said judgment and sentence he has perfected a timely appeal to this Court.

Gordon McCleave testified that on September 15, 1972, he was working as a member of the Citizen's Band Patrol, aiding police in routine patrol of the parking lot at the State Fairgrounds. At approximately 10:00 p. m., McCleave observed with the aid of binoculars, a white four door Chevrolet park in a vacant parking space in a row of cars in front of his vantage point. The car was occupied by four Negro males. After several minutes he observed the Chevrolet move to the far end of the lot and park next to a Volkswagen bus. Shortly thereafter, two black males emerged from the Chevrolet and entered the Volkswagen bus. Upon the pairs' departure, McCleave contacted Officer Shelden, his companion officer, and informed him of the Chevrolet license tag number. Later McCleave observed the pair in Shelden's custody and identified defendants Davidson and Frazier in court as the two he had seen in the Volkswagen bus.

Officer Charles Shelden of the Oklahoma City Police Department, testified that on the above date and at the above time he was on routine patrol of the fairgrounds parking lot with Officer James E. Jones and McCleave. Acting on information provided by McCleave, Shelden approached the Volkswagen bus. As he approached, he observed three black males, one of whom he identified as defendant Davidson. The trio entered the Chevrolet and attempted a departure from the scene. Officer Shelden stopped the vehicle, ordered the occupants out of the car, and thereafter observed a Muntz stereo tape deck beneath the front seat. Upon information gained from Officer Jones, a further search of the vehicle additionally revealed twelve stereo tape cartridges.

Officer Jones, patrolman with the Oklahoma City Police Department, testified he was working with Shelden and McCleave on the above mentioned date and time patrolling the fairgrounds parking lot. Upon direction from Shelden, Jones examined the Volkswagen bus and observed the passenger side door vent window was partially opened. His investigation further revealed the wiring beneath the dashboard had been disturbed.

Milton Cook, owner of the Volkswagen bus, testified that at approximately 11:30 p. m. on the above date he returned to the bus and observed several people standing near it. After a discussion with an officer at the scene, he inspected his bus and observed the tape player had been removed. Later, he observed his tape player, State's exhibit No. 1, on the top of the officer's squad car.

Ronald S. King, detective with the Oklahoma City Police Department, testified as to details of an interrogation of defendants Frazier and Davidson. Particulars of that testimony will be discussed later in this opinion.

Thereafter, the State rested.

The defense rested without the presentation of evidence.

At the second stage of trial proceedings, counsel stipulated to the former convictions of defendant.

Defense counsel points to the following testimony arguing the trial court committed error in admitting it for the jury's consideration:

"A. Well, I brought Mr. Davidson and Mr. Frazier together in the same interview room.

"Q. And what happened at that time?

"A. At that time, after again being advised of the Miranda warning, I confronted them with the burglary of the automobile, the Volkswagen, at which time, Mr. Frazier stated that Mr. Davidson had taken the stereo unit out of the vehicle. And Mr. Davidson then advised me that Mr. Frazier had actually been the person who did enter the vehicle through the wing glass." (Tr 96).

Defendant argues the statement made by Frazier, as related by the officer, is accu-

satory hearsay within the rule recited in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In *Bruton*, a government agent testified to an extrajudicial statement made by one defendant inculpating the second defendant. The confessing defendant did not testify. The court held that the receipt of the statement violated the other defendant's right of cross-examination secured by the confrontation clause of the Sixth Amendment and concluded the trial court should have granted a severance and tried each defendant separately.

The State counters this argument arguing first that the statement made is excepted from the hearsay rule and admissible. Alternatively the State further argues that if this Court should determine that this was inadmissible hearsay, the statement falls within the rule of Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), wherein the United States Supreme Court held under proper circumstances accusatory hearsay in violation of the *Bruton* rule may be harmless error.

██ It is a well settled rule in this jurisdiction that where the defendant and his co-defendant are in custody, the declarations of a co-defendant to an officer in the presence of defendant made after an offense was committed are inadmissible against defendant as the accused in custody is not called upon to contradict statements prejudicial to him, made in his presence, and although they are not contradicted, they constitute hearsay and are not admissible in evidence, as during custodial interrogation defendant is protected by his privilege against self-incrimination. See McGrew v. State, Okl.Cr., 293 P.2d 381 (1956). However, this Court in Ryan v. State, Okl.Cr., 451 P.2d 383 (1969) held the above rule not applicable in a case where a statement is made by a third party inculpating defendant when the statement is not made in response to custodial interrogation and defendant is present at the time the statement is made. Quoting from *Ryan*, supra, the rule and rationale is set forth as follows:

"Secondly, the testimony was properly admitted as an exception to the hearsay rule in the instant case. This statement was made to the officer in the presence of the defendant. If the defendant did not agree he could have spoken up and corrected Nakeamura at the time the statement was made. Defendant's brief cites a case stating that an accusatory statement is not admissible in evidence, but this case, McGrew v. State, Okl.Cr., 293 P.2d 381, 382, holds, in effect, that an accusatory statement made in. the presence of the accused may be admitted as an exception to the hearsay rule, because if the defendant hears the statement, he may object. However, once the defendant is in custody, or under the control of the officers, this is no longer true and he can no longer be expected to object to accusatory statements. This particular statement in the instant case was made in the presence of the defendant before he was placed under arrest or placed in custody. He was under no restraint and could have freely denied the statement." at 385.

██ In the instant case, the testimony of Officer King which relates the statements made by defendant and co-defendant Frazier during custodial interrogation established that in response to questioning, Frazier propounded an exculpatory statement which inculpated defendant. Spontaneously, defendant responded with an exculpatory statement which inculpated Frazier. Defense counsel, in his brief, does not assert defendant and Frazier were not properly advised of their Miranda rights or their privilege against self-incrimination. It appears, therefore, that defendant, by waiving his right to remain silent and countering Frazier's accusation, silence was not used against him in violation of his privilege against self-incrimination, the rationale for the rule in *McGrew*, supra. Consequently, the statement made by Frazier logically falls within the rule recited in *Ryan*, supra, and is admissible hearsay, as the rationale for this rule has been satisfied. For this reason it would appear,

**1382**

since *Bruton,* supra, is restricted to inadmissible hearsay, the rule in *Bruton* was not violated.

Assuming arguendo, Frazier's statement is inadmissible hearsay, we note the case of *Schneble,* supra, wherein the United States Supreme Court found the admission of a confession of a co-defendant harmless error under facts wherein the trial court conjointly tried two defendants for the offense of murder. At the trial neither defendant testified. A police officer testified regarding confessions and admissions made by both defendants during interrogation. Schneble, on appeal, assigned as error a violation of the rule in *Bruton,* supra, stating the confession of the co-defendant was so prejudicial as to require a severance with each defendant being tried separately for the offense. In substance, the United States Supreme Court held that since both defendants had confessed the admission of the confession of Schneble's co-defendant, although hearsay, was harmless error as both the confession of Schneble and co-defendant were admitted into evidence. Consequently, the Supreme Court held that Schneble was not deprived of confrontation of his accusers as the admission of his confession negated any possible prejudice which might have resulted from the confession of his co-defendant.

In the instant case we have an analogous situation. The accusatory statement of the co-defendant was rebutted by defendant. Each pointed to the other assigning the other as the guilty party. For this reason we find the above situation within the rule enunciated in *Schneble,* supra, and find that assuming arguendo, the co-defendant's statement to be inadmissible hearsay, the admission of this evidence is harmless beyond a reasonable doubt as it was sufficiently rebutted by defendant's countering his co-defendant's accusations. This is particularly true in light of the fact the instant case involves a prosecution for the offense of Burglary and the testimony of McCleave unequivocally placed both defendant and co-defendant within the burglarized vehicle. For this reason we find

defendant was not denied due process by the admission of the heretofore mentioned statement.

The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.